JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dun-Rite Specialized Carriers, LLC; 1561 Southern Blvd., Bronx, NY 10460

## DEFENDANTS

Spanco, Inc., 604 Hemlock Road, Morgantown, PA 19453
Shupper-Brickle Equipment Co., 11 Burnt Tavern Road, ➕

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Duane Morris, LLP, 30 South 17th Street, Philadelphia, PA 19103-4196 (215) 979-1180

Attorneys *(If Known)*

Dengler & Lipski, 2000 Market Street, Suite 1100, Philadelphia, PA 19103 (215) 861-6700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☑ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☑ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☑ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity Among the Parties 28 USCA 1441(b) and 28 USCA 1446

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE Anita B. Brody

DOCKET NUMBER Civil Action No. 2:20-cv-04889-AB

DATE
04/09/2021

SIGNATURE OF ATTORNEY OF RECORD
*Robert Siegel*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III.   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____1561 Southern Blvd., Bronx, NY 10460_____

Address of Defendant: ____604 Hemlock Road, Morgantown, PA and 11 Burnt Tavern Road, Clarksburg, NJ 08510____

Place of Accident, Incident or Transaction: _____Greenwich, CT_____

---

***RELATED CASE, IF ANY:***

Case Number: Civil Action No. 2:20-cv-04889-AB    Judge: Anita B. Brody    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☑  No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☑  No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐  No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/09/2021         *Robert Siegel*         46717
                         *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.    *Federal Question Cases:***

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☐  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
        *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify):* _____
☒  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _____    Sign here if applicable    _____
                            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Dun-Rite Specialized Carriers, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Spanco, Inc. and Shupper-Brickle | : | NO. |
| Equipment Co. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( XX )

| | | |
|---|---|---|
| | Robert J. Siegel, Esquire | _Robert Siegel_ |
| **Date** | **Attorney-at-law** | **Attorney for**   Defendant |
| (215) 861-6700 | (215) 861-6737 | robert.siegel@zurichna.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

DUN-RITE SPECIALIZED CARRIERS, LLC
1561 Southern Blvd.
Bronx, New York 10460

       v.

SPANCO, INC,
604 Hemlock Road
Morgantown, Pennsylvania 19543

and

SHUPPER-BRICKLE EQUIPMENT CO.
11 Burnt Tavern Road
Clarksburg, New Jersey 08510

*Civil Action No*.

## NOTICE OF REMOVAL

Defendants, Spanco, Inc. and Shupper-Brickle Equipment Co., by and through their attorneys, Dengler & Lipski, hereby remove this action pursuant to 28 U.S.C. §1441(b) based upon jurisdiction pursuant to 28 USCA §1332 and in support thereof avers the following:

1.     On October 9, 2020, Plaintiff, Dun-Rite Specialized Carriers, LLC, commenced this action by way of Complaint filed in the Berks County Court of Common Pleas, docket number 20-16692.  The Plaintiff's Complaint was filed as an Arbitration action, with a jurisdictional damage cap of $50,000.  A true and correct copy of the Plaintiff's Complaint attached hereto as Exhibit "A".

2.     On or about October 9, 2020, Defendant, Shupper-Brickle Equipment Co., was served with the Complaint.  A true and correct copy of the Court Docket is attached hereto as Exhibit "B".

3.      On or about  October 22, 2020, Defendant, Spanco, Inc. was served with the

Complaint by way of personal service at 604 Hemlock Road Morgantown, Pennsylvania 19543.

Exhibit "B".

4.      The undersigned counsel has entered for the Defendants, Spanco, Inc. and

Shupper-Brickle Equipment Co.

5.      Plaintiff is a limited liability corporation with its principal place of business

located at 1561 Southern Blvd., Bronx, New York 10460.  (Exhibit "A", paragraph nos. 1 and 5).

6.      Defendant, Shupper-Brickle Equipment Co. is a New Jersey company with its

principal place of business located at 11 Burnt Tavern Road, Clarksburg, New Jersey 08510.

(Exhibit "A" – paragraph 7).

9.      Defendant, Spanco, Inc. is a Pennsylvania corporation with its principal place of

business located at 604 Hemlock Road Morgantown, Pennsylvania 19543.  (Exhibit "A" –

paragraph 8).

10.     On March 25, 2021, the Plaintiff filed a Motion to Transfer to Major Jury.

(Exhibit "C" – Motion to Transfer).

11.     In its Motion to Transfer to Major Jury, the Plaintiff set forth, for the first time,

that sometime after February 24, 2021, "it received additional information impacting its total

damages" specifically "a substantial increase in additional insurance-related expenses. . .".

(Exhibit "C" – paragraph nos. 6 and 7).

12.     Plaintiff also set forth in its Motion to Transfer that it "received confirmation that

The New York Compensation Insurance Rating Board had significantly increased its experience

rating causing the premiums to increase in excess of $150,000".  (Exhibit "C" – paragraph no. 8).

13.     Plaintiff further claimed in the Motion to Transfer that it had incurred damages

totaling approximately $87,864 and that these recent developments have increased the amount in

controversy well above the $50,000 jurisdictional limit for compulsory arbitration.  (Exhibit "C" – paragraph nos. 10 and 13).

14.     Based upon the averments in Plaintiffs' Motion to Transfer to Major Jury, which were first disclosed on March 25, 2021, the damages recoverable may exceed the sum of $50,000 exclusive of interests and costs.

15.     This matter is removable pursuant to 28 U.S.C.A. §1441(b) as there is complete diversity of citizenship between the parties.  Plaintiff is a business existing in the State of New York.  Defendant, Shupper-Brickle Equipment Co., is a business existing at their principal place of business in the State of New Jersey.  The Defendant, Spanco, Inc. is a corporation existing at its principal place of business in the State of Pennsylvania.

16.     The removal of this matter from state to federal court is proper under 28 U.S.C.A. §1446. While the initial filing was made in excess of thirty (30) days ago, it was not until the filing of Plaintiff's Motion to Transfer to Major Jury, on March 25, 2021, that the amount in controversy was alleged by plaintiff to be above the Federal jurisdictional limit, thus qualifying this case for removal at that time.  The filing of Plaintiff's Motion to Transfer to Major Jury was just 15 days ago, and it was this Motion that put defendants on notice of the new amount in controversy.

17.     The named Defendants are represented by the undersigned counsel. There are no other Defendants whose consent is necessary to removal of this action.

WHEREFORE, notice is hereby given of removal of the above matter from the Berks

County Court of Common Pleas to the United States District Court for the Eastern

District of Pennsylvania.

_____

Robert J. Siegel, Esquire
Attorney I.D. 46717
DENGLER & LIPSKI
2000 Market Street – Suite 1100
Philadelphia, PA 19103
(215) 861-6700
Attorney for Defendants

## <u>VERIFICATION</u>

Robert J. Siegel, Esquire, hereby states that he is the attorney of record Defendants in this action and verifies that statements made in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____

Robert J. Siegel, Esquire
Attorney I.D. 46717
DENGLER & LIPSKI
2000 Market Street – Suite 1100
Philadelphia, PA 19103
(215) 861-6700
Attorney for Defendants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

DUN-RITE SPECIALIZED CARRIERS, LLC
1561 Southern Blvd.
Bronx, New York 10460

*Civil Action No*.

v.

SPANCO, INC,
604 Hemlock Road
Morgantown, Pennsylvania 19543

and
SHUPPER-BRICKLE EQUIPMENT CO.
11 Burnt Tavern Road
Clarksburg, New Jersey 08510

## CERTIFICATE OF SERVICE

I, Robert J. Siegel, Esquire, hereby certify that a true and correct copy of the within

Notice of Removal filed on behalf of Defendants was served on all counsel of record at the

below addresses on April 9, 2021 via electronic filing and by email:

Sharon L. Caffrey, Esquire
Theresa A. Langschultz, Esquire
Beatrice O'Donnell, Esquire
Duane Morris, LLP
30 South 17th Street
Philadelphia, PA 19103-4196

_____

Robert J. Siegel, Esquire
Attorney I.D. 46717
DENGLER & LIPSKI
2000 Market Street – Suite 1100
Philadelphia, PA 19103
(215) 861-6700
Attorney for Defendants

# EXHIBIT A

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

**NOTICE TO PLEAD**
TO: DEFENDANTS

You are hereby notified to file a written response to the
enclosed Complaint within twenty (20) days from service
hereof or a judgment may be entered against you.

/s/ Theresa A. Langschultz
**Attorney for Plaintiff**

DUANE MORRIS LLP
By: Sharon L. Caffrey, Esq.
PA Identification No. 49519
Theresa A. Langschultz, Esq.
PA Identification No. 321068
SLCaffrey@duanemorris.com
TLangschultz@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103-4196
Tel: (215) 979-1180
Fax: (215) 689-1932

*Attorneys for Plaintiff*

| | |
|---|---|
| DUN-RITE SPECIALIZED CARRIERS, LLC<br>1561 Southern Boulevard<br>Bronx, New York 10460<br><br><br><br>Plaintiff,<br><br>v.<br><br>SPANCO, INC.<br>604 Hemlock Road<br>Morgantown, Pennsylvania 19543<br><br>And<br><br>SHUPPER-BRICKLE EQUIPMENT CO.<br>11 Burnt Tavern Road<br>Clarksburg, New Jersey 08510<br><br>Defendants. | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL ACTION -- ARBITRATION<br><br>October 2020 Term<br><br>No. _____ |

## COMPLAINT

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

## NOTICE TO DEFEND

## NOTIFICACIÓN PARA DEFENDERSE

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR   LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers' Referral Service of the
Berks County Bar Association
544 Court Street
Reading, Pennsylvania 19601
Telephone (610) 375-4591
www.BerksBar.org

### AVISO

Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED DEBE LLEVARLE ESTE DOCUMENTO A SU  ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO.  ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO.

SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.

Servicio de Recomendación para Contratar
Abogados del Colegio de Abogados del
Condado Berks
544 Court Street
Reading, Pennsylvania 19601
Teléfono (610) 375-4591
www.BerksBar.org

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

## COMPLAINT

Plaintiff Dun-Rite Specialized Carriers, LLC ("Dun-Rite"), by and through its undersigned counsel, alleges and states as follows:

### I.   INTRODUCTION

1.   Dun-Rite is a fine art mover and master rigger operating out of New York City.

2.   On October 9, 2018, while Dun-Rite employees were transporting art at the residence of a client in Greenwich, Connecticut, a gantry crane manufactured by defendant Spanco, Inc. ("Spanco") and distributed through Shupper-Brickle Equipment Co. ("Shupper-Brickle") collapsed through no fault of Dun-Rite or its employees, causing Dun-Rite's employees to suffer serious and sustained serious and permanent injuries.

3.   Spanco's shoddy welding in the manufacturing process was the direct and proximate cause of the gantry crane collapse.  Despite the implied warranties Spanco made to Dun-Rite, the gantry crane was not merchantable or fit for its intended purpose.  But for Spanco's defective welding and the distribution of Spanco's product by Shupper-Brickle, the gantry crane would not have collapsed.

4.   Dun-Rite brings this lawsuit to recover damages resulting from Spanco's and Shupper-Brickle's breach of the implied warranties that the gantry crane was merchantable and fit for use in Dun-Rite's business, and for Spanco's and Shupper-Brickle's product defect and Spano and Shupper-Brickle's interruption of Dun-Rite's business.

### II.   THE PARTIES

5.   Plaintiff Dun-Rite is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 1561 Southern Boulevard, Bronx, New York.  Defendant Spanco is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 604 Hemlock Road,

4

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

Morgantown, Pennsylvania.

7.      Defendant Shupper-Brickle is a corporation, organized and existing under the laws of the state of New Jersey, with its principal place of business at 11 Burnt Tavern Road, Clarksburg, New Jersey.   Shupper-Brickle is a distributor that sells and services industrial equipment throughout the Mid-Atlantic region.   According to its website, in Pennsylvania Shupper-Brickle "supplies customized bridge cranes, hoists, and related services to the greater Philadephia area including Northampton County, Bucks County, Philadelphia County, Montgomery County, Chester County, and Delaware County. We ship OEM parts and competitively priced overhead material handling equipment throughout the state of Pennsylvania."   Shupper-Brickle also contracted with Pennsylvania-based manufacturer Spanco to distribute its gantry cranes, including the gantry crane at issue in this litigation.

## III.   JURISDICTION AND VENUE

8.      Jurisdiction is proper because Spanco is a corporation registered to do business in the Commonwealth of Pennsylvania, with its principal place of business located in Morgantown, Pennsylvania.   This Court may exercise jurisdiction over Spanco pursuant to the provisions of 42 Pa. C.S. § 5301(a)(2).   Defendant Shupper-Brickle is a resident of the state of New Jersey over whom this Court may exercise jurisdiction pursuant to the provisions of 42 Pa. C.S. § 5322(a).

9.      Venue is proper in Berks County because Spanco's principal place of business is in this County, wherein it carries on a consistent and systematic part of its general business. Further, venue is proper in this County insofar as a substantial part of the events giving rise to this lawsuit – to wit, Spanco's manufacturing of a defective gantry crane and its implied warranties concerning such gantry crane and the transaction which transferred Spanco's defective gantry crane to distributor Shupper-Brickle – occurred in this County.

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

IV.   **FACTUAL ALLEGATIONS**

10.   Dun-Rite is a hoisting and rigging service in New York City with a specialty in transporting fine art. Dun-Rite owns cranes of various sizes – and it employs crane operators certified by the National Commission for the Certification of Crane Operators and the Occupational Safety and Health Administration ("OSHA") – to enable Dun-Rite to meet the diverse needs of its clientele.

11.   July 2017, Dun-Rite purchased an aluminum gantry crane manufactured by Spanco, through Spanco-authorized distributor Shupper-Brickle.

12.   Shupper-Brickle is a distributor who sells and services industrial equipment throughout the Mid-Atlantic region, including the sale and supply of gantry cranes. Shupper-Brickle contracted with Pennsylvania-based manufacturer Spanco to distribute its gantry cranes, including the gantry crane at issue in this litigation.

13.   Specifically, Dun-Rite purchased Spanco model number #3ALU1012 from Shupper-Brickle. Spanco markets model number #3ALU1012 as having a three-ton load capacity, a twelve-foot span, and a maximum height of 12'2" (hereinafter, "the Crane"). Excluding tax, shipping and the cost of related components, Dun-Rite paid $2,429.67 for the Crane.

14.   Spanco is a crane manufacturer with a national marketing and distribution footprint. Spanco knew when it manufactured the Crane that there was a reasonable likelihood that it would be purchased – and deployed – by a moving and rigging company like Dun-Rite throughout the United States.

15.   Spanco's website states that Spanco has long "manufactured all of our cranes to

6

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

meet or exceed all applicable CMAA, ANSI, OSHA, and MMA guidelines and standards."[1]  The website further states: "All of our welders have been certified by the American Welding Society (AWS). And in 2011, our welding quality management system earned AWS's Certified Welding Fabricator (CWF) designation."

16.     By manufacturing the Crane and distributing it into the stream of interstate commerce, Spanco implicitly represented – and, indeed, guaranteed – that the Crane was fit for the intended purpose for which gantry cranes are used.  Indeed, Spanco markets its gantry cranes to rigging services like Dun-Rite understanding that they will use such cranes for the specific purpose of moving and transporting objects within the designated load capacity.

17.     Further, by distributing the defectively manufactured Crane and selling it to Dun-Rite, Shupper-Brickle implicitly represented and guaranteed that the Crane was fit for its intended purpose.

18.     Dun-Rite reasonably relied on Spanco's reputation as an experienced and skilled crane manufacturer, and on Shupper-Brickle's reputation in providing cranes which are fit for their intended purposes.  Dun-Rite reasonably expected that the Crane would operate in accordance with its specifications, including its three-ton load capacity.

19.     Soon after Shupper-Brickle delivered the Crane to Dun-Rite in July 2017, Dun-Rite deployed the Crane in the ordinary course of its business.  Neither Dun-Rite nor any of Dun-Rite's employees made any modifications to the Crane at any point and the Crane was used for its intended purposes.

20.     Dun-Rite exercised reasonable care and employed industry-standard practices in

---

[1] The organizations referenced are the Construction Management Association of America, the American National Standards Institute, the Occupational Safety and Health Administration, and the Monorail Manufacturers Association, respectively.

its maintenance, operation, and storage of the Crane.  Dun-Rite ensured that only trained personnel operated the Crane.

21.     On October 9, 2018, Dun-Rite employees transported the Crane to the residence of a client in Greenwich, Connecticut as part of a routine delivery of artwork for that client.

22.     At all relevant times, Dun-Rite and its employees exercised reasonable diligence in the course of their transportation of the Crane to – and the operation of the Crane at – the client's residence in Greenwich.

23.     Through no fault of Dun-Rite or its employees, the Crane collapsed while it was moving the artwork within the residence.  The artwork's weight was well under the Crane's purported three-ton load capacity.  Nevertheless, the movement of the artwork resulted in one of the Crane's vertical legs to torque in the direction opposite the movement, causing the Crane's welding structure to fracture, and resulting in the Crane's collapse and injure Dun-Rite's employees.

24.     The Crane's collapse caused serious injuries to two of Dun-Rite's employees, some of which are permanent in nature and character.

25.     Dun-Rite, in turn, has lost more than just the replacement cost of the Crane.  Dun-Rite also incurred expenses in removing and cleaning up after the Crane collapse.  Dun-Rite also incurred expenses in identifying the cause of the Crane collapse.  Additionally, Dun-Rite was deprived business opportunities during the time it was without an operable crane, thus resulting in lost profits.

26.     Dun-Rite further has suffered reputational harm within the high-end art community in Greenwich, New York City, and surrounding areas as a result of the Crane collapse, resulting in further lost profits.  Dun-Rite's insurance premiums also have increased

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

8

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

dramatically, including for its workers' compensation insurance. All of these damages were a foreseeable and direct result of the Crane's collapse.

27.     OSHA promptly investigated the Crane collapse. It identified no fault by Dun-Rite in connection with the Crane collapse. OSHA found no workplace safety issues.

28.     Dun-Rite enlisted the services of an independent metallurgist to examine the Crane. The metallurgist determined, with a reasonable degree of certainty, that a contributing cause of the Crane collapse was Spanco's defective welding that did not comport to industry standard as set forth in the American Welding Society's Structural Welding Code for Aluminum ("AWS Code").

29.     Among other defects in violation of the AWS Code, the metallurgist identified: (a) a depression on the weld face that unacceptably provided an area for cracking to occur; (b) extensive internal porosity on the fracture surface and surrounding areas; and (c) incomplete penetration at the root of the weld for the supporting gusset.

30.     The metallurgist determined, with a reasonable degree of scientific certainty, that these defects, more likely than not, contributed to the collapse of the Crane. The metallurgist further determined that the foregoing defects were caused by the fabricator's failure to implement a degree of care that is standard in the welding industry.

31.     In short, Spanco's failure to exercise due care in manufacturing and inspecting the Crane, and Shupper-Brickle's failure to exercise due care in its distribution and sale of the Crane has resulted in substantial harm to Dun-Rite.

## COUNT I
## Breach of Implied Warranty of Merchantability

32.     Plaintiff repeats and realleges the allegations set forth above as if set forth here in their entirety.

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

33.     Spanco is engaged in the business of manufacturing gantry cranes and distributing them into the stream of commerce.

34.     Shupper-Brickle is a distributor in the business of selling manufactured gantry cranes throughout the stream of commerce, and sold the defective Crane to Dun-Rite.

35.     Spanco manufactured a defective gantry crane that it distributed into the stream of commerce through Shupper-Brickle in or about July 2017, whereupon Dun-Rite purchased the defective Crane.

36.     A warranty that the Crane was merchantable is implied by law, including a warranty that the Crane is fit for the intended purpose of moving heavy objects and that the Crane was manufactured soundly and that it was free of defects.

37.     Spanco breached its implied warranty of merchantability when it sold the Crane whose welding did not comport with industry standards, including the AWS Code.

38.     Shupper-Brickle breached its implied warranty of merchantability when it distributed the Crane whose welding did not comport with industry standards, including the AWS Code.

39.     Spanco further breached its implied warranty of merchantability when it sold the Crane that collapsed when transporting an object that was within its represented three-ton load capacity.

40.     Shupper-Brickle further breached its implied warranty of merchantability when it distributed the Crane that collapsed when transporting an object that was within its represented three-ton load capacity.

41.     As a result of Spanco's and Shupper-Brickle's breach of the implied warranty of merchantability, Dun-Rite has suffered damages in the amount of the value of the Crane if it had

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

been as warranted and expenses incurred in remediating and identifying the cause of the collapsed Crane.

42.     Spanco's and Shupper-Brickle's breach of the implied warranty of merchantability also caused Dun-Rite incidental and consequential damages including lost profits, reputational damages, and increased insurance premiums.

## COUNT II
## Breach of Implied Warranty of Fitness

43.     Plaintiff repeats and realleges the allegations set forth above as if set forth here in their entirety.

44.     Spanco is engaged in the business of manufacturing gantry cranes and distributing them into the stream of commerce.

45.     Spanco manufactured a defective gantry crane that it distributed into the stream of commerce in or about July 2017, whereupon Dun-Rite purchased the defective Crane.

46.     Spanco markets its gantry cranes to rigging companies like Dun-Rite, understanding that such companies will use the gantry cranes to transport heavy objects for their clients.  As such, Spanco knew that the Crane was likely to be used by a company like Dun-Rite for the particular purpose of transporting client property within the represented three-ton load capacity.

47.     A warranty that the Crane was fit for its intended purposes is implied by law, including a warranty that the Crane is fit for the particular purpose of moving heavy objects for clients and that the Crane was manufactured soundly and that it was free of defects.

48.     Dun-Rite had options when purchasing gantry cranes for its business.  Dun-Rite purchased the Spanco Crane in reliance on Spanco's reputation, experience and skill and based on Spanco's marketing of gantry cranes to Dun-Rite as a rigging company.

11

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

49.     Spanco breached its implied warranty of fitness when it sold the Crane whose welding did not comport with industry standards, including the AWS Code.

50.     Shupper-Brickle breached its implied warranty of fitness when it distributed the Crane whose welding did not comport with industry standards, including the AWS Code.

51.     Spanco further breached its implied warranty of fitness when it sold the Crane that collapsed when transporting an object that was within its represented three-ton load capacity.

52.     Shupper-Brickle further breached its implied warranty of fitness when it distributed the Crane that collapsed when transporting an object that was within its represented three-ton load capacity.

53.     As a result of Spanco's and Shupper-Brickle's breach of the implied warranty of fitness, Dun-Rite has suffered damages in the amount of the value of the Crane if it had been as warranted and expenses incurred in remediating and identifying the cause of the collapsed Crane.

54.     Spanco's and Shupper-Brickle's breach of the implied warranty of fitness also caused Dun-Rite incidental and consequential damages including lost profits, reputational damages, and increased insurance premiums.

## COUNT III

### Products Liability

55.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if set forth here in their entirety.

56.     Spanco is engaged in the business of manufacturing gantry cranes and distributing them into the stream of commerce.

57.     Shupper-Brickle is a distributor in the business of selling manufactured gantry cranes throughout the stream of commerce, and sold the defective Crane to Dun-Rite.

58.     Spanco manufactured a defective gantry crane that it distributed into the stream of

12

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

commerce through Shupper-Brickle in or about July 2017, whereupon Dun-Rite purchased the defective Crane.

59.    Said Crane was defective and in an unreasonable safe condition at the time Spanco sold it due to welding that did not comport to industry standards, including the AWS Code.

60.    Shupper-Brickle failed to undertake an investigation into the safety of the crane when it agreed to distribute and sell Spanco's crane to Dun-Rite.

61.    Spanco and Shupper-Brickle expected and/or reasonably should have expected that the Crane would reach the consuming public with no substantial changes thereto.

62.    Spanco and Shupper-Brickle delivered the defective Crane into the stream of commerce knowing that the Crane posed a high risk of harm to others but deliberately proceeded with a conscious disregard and reckless indifference to the interest of others.

63.    At all times prior to October 9, 2018, Plaintiff did not discover and could not have discovered with reasonable diligence the manufacturing defect in the Crane.

64.    As direct and proximate cause of Spanco's defective manufacturing and Shupper-Brickle's distribution and sale of a defectively-manufactured gantry crane, Dun-Rite suffered financial, operational, and reputational harm when the defective Crane manufactured by Spanco collapsed on October 9, 2018.

65.    The foregoing injuries were not caused by any negligence of Dun-Rite or any of its employees, but rather were caused by Spanco's manufacturing defect and Shupper-Brickle's distribution and sale of the product.

66.    Based on the foregoing, Spanco and Shupper-Brickle are strictly liable to Plaintiff for all damages that flowed to Plaintiff from the collapse of the Crane.

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

## COUNT IV

### NEGLIGENCE

67.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if set forth here in their entirety.

68.    As a gantry crane manufacturer, Spanco owes of duty of care to all individuals who may purchase, use and/or come into contact with its gantry crane.

69.    Among other things, Spanco's duty of care as a gantry crane manufacturer includes the duty to weld a gantry crane in a manner consistent with industry standards, including the AWS Code.

70.    Spanco breached its duty of care when Spanco and/or employees or agents under Spanco's direct control and supervision manufactured the Crane whose welding did not comport with industry standards, including the AWS Code.

71.    Spanco further breached its duty of care when Spanco and/or employees or agents under Spanco's direct control and supervision reasonably failed to inspect the Crane to ensure that its welding comports to industry standards, including the AWS Code.

72.    Spanco further breached its duty of care when Spanco failed to train or supervise its employees or agents to ensure that their welding comported to industry standards, including the AWS Code.

73.    Spanco knew that the Crane posed a high risk of harm to others yet it breached the foregoing duties with a conscious disregard and reckless indifference to the interest of others.

74.    It was reasonably foreseeable that a direct and proximate cause of Spanco's breached duties of care would be a collapsed gantry crane that could injure individuals using and/or in close proximity to the Crane.

75.    As a distributor and seller of gantry cranes, Shupper-Brickle owes a duty to sell

cranes which are free of defects.

76.     Shupper-Brickle failed to investigate the safety of the gantry crane it sold and distributed.

77.     By selling a defectively manufactured gantry crane, Shupper-Brickle knew that the Crane posed a high risk of harm to others, yet it breached the foregoing duties with a conscious disregard and reckless indifference to the interest of others.

78.     As direct and proximate cause of Spanco's defective manufacturing and Shupper-Brickle's distribution and sale of a defectively-manufactured gantry crane, Dun-Rite suffered financial, operational, and reputational harm when the defective Crane manufactured by Spanco collapsed on October 9, 2018.

79.     The foregoing injuries were not caused by any negligence of any of the Plaintiff, but rather were caused by Spanco's and Shupper-Brickle's negligence.

## RELIEF

WHEREFORE, Plaintiff Dun-Rite seeks a judgment against Defendants Spanco and Shupper-Brickle awarding damages and legal relief, and specifically prays the Court to grant the following relief to Plaintiff by:

a.     Awarding direct and consequential damages to Plaintiff for the replacement cost of a new gantry crane, direct damages incurred in mitigating the harm to its employees, and indirect damages for the increased costs of workers compensation and liability insurance premiums, the expenses incurred in identifying the defect in the gantry crane, lost profits due to the unavailability of a gantry crane, and lost profits due to reputational harm which said Plaintiff has suffered and will suffer as a result of the unlawful conduct of Defendant, as well as other damages to Plaintiff's business and reputation. Spanco and Defendant Shupper-Brickle:

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

Received County of Berks Prothonotary's Office on 10/09/2020 6:37 PM Prothonotary Docket No. 20-16692

b.    Awarding Plaintiff costs of this action;

c.    Awarding Plaintiff all such other damages as are just and appropriate; and

d.    Granting such other and further relief as this Court deems appropriate.

By: /s/ Theresa A. Langschultz
Theresa A. Langschultz (321068)
Sharon L. Caffrey (49519)
*Attorneys for Plaintiff Dun-Rite
Specialized Carriers, LLC*
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Tel: (215) 979-1180
      (215) 979-1993
Email: slcaffrey@duanemorris.com
        tlangschultz@duanemorris.com
Fax: (215) 689-1932

Date:   October 9, 2020

## VERIFICATION

I, ~~Anthony Cent~~ depose and say that I am the _V.P_ for Dun-Rite
Specialized Carriers LLC, Plaintiff in the above-entitled action, and that I am authorized to make
this verification on its behalf. I verify that the foregoing averments, which are not all within my
personal knowledge, are true and correct upon information and belief.

Declared pursuant to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification
to authorities.

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, I caused a copy of the foregoing Civil Complaint

to be served on behalf of Plaintiff Dun-Rite Specialized Carriers, LLC on the following

Defendants by Certified Mail, Return Receipt Requested:

Spanco, Inc.
604 Hemlock Road
Morgantown, PA 19543

Shupper-Brickle Equipment Co.
11 Burnt Tavern Road
Clarksburg, New Jersey 08510

/s/ Theresa A. Langschultz
Theresa A. Langschultz

**EXHIBIT B**

**Berks County Civil Court Docket Summary**
**Docket Number: 20 16692**

**Judge:** Timothy J. Rowley, J.          **Filed:** 10/09/2020
**SubType:** Complaint

**DUN RITE SPECIALIZED CARRIERS LLC**

    **\*\*\* VS \*\*\***

**SHUPPER-BRICKLE EQUIPMENT CO**

**SPANCO INC**

**Attorney(s)**
Caffrey, Sharon L
Langschultz, Theresa A.

Siegel, Robert .
Siegel, Robert .

| Date | Summary |
|---|---|
| 10/09/2020 | Tort Product Liability |
| 10/09/2020 | Affidavit of Verification |
| 10/09/2020 | Certificate of Service of Civil Complaint |
| 10/22/2020 | Sheriff's Service of Complaint in Civil Action upon Deft Spanco Inc by handing to Vince Finley/APIC on 10/21/20 |
| 11/03/2020 | Entry of Appearance of Jeffrey C. Scotland,Esq for Deft Shupper-Brickle Equipment Co w/Cert of Svc |
| 11/10/2020 | Appearance of Sharon L. Caffrey, Esq. for Pltf w/ Cert of Svc |
| 11/18/2020 | Entry of Appearance of Robert J. Siegel,Esq for Deft Spanco,Inc., |
| 11/18/2020 | Jury Trial Demanded by Deft Spanco,Inc., |
| 11/18/2020 | Deft Spanco, Inc.'s Preliminary Objections to Pltf's Complaint |
| 11/18/2020 | Proposed Orders re: PO's |
| 11/18/2020 | Praecipe for Argument on 01/19/21 re: Deft Spanco's PO's |
| 11/18/2020 | Affidavit of Service for Argument Court of Praecipe and PO's |
| 11/18/2020 | Service of PO's |
| 11/18/2020 | Deft Spanco's Memorandum in Support of PO's to Pltf's Complaint |
| 11/19/2020 | Memo to Judge dated 11/18/20 regarding Dismissing Deft Spanco's PO's |
| 11/19/2020 | Praecipe to Attach |
| 12/03/2020 | Appearance of Robert J. Siegel, Esq for Deft, Shupper-Brickle Equipment Co |
| 12/04/2020 | Withdrawal of Appearance of Jeffrey C. Sotland, Esq as counsel for Deft. |
| 12/09/2020 | Pltf's Preliminary Objections to Deft Spanco Inc's Preliminary Objections to Pltf's Complaint |
| 12/09/2020 | Pltf's Memorandum of Law in Support of Pltf's Preliminary Objections to Deft Spanco Inc's Preliminary Objections to Pltf's Complaint |
| 12/09/2020 | Proposed Order |
| 12/09/2020 | Exhibit A |
| 12/09/2020 | Exhibit B |
| 12/09/2020 | Exhibit C |
| 12/09/2020 | Exhibit D |
| 12/09/2020 | Certificate of Service of Pltf's Preliminary Objections to Deft's Preliminary Objections to Pltf's Complaint, Supporting Memorandum of Law, and Exhibits |
| 12/09/2020 | Praecipe for Argument of 1/19/21 RE: Pltf's Preliminary Objections to Deft Spanco Inc's Preliminary Objections |
| 12/09/2020 | Affidavit of Service for Argument Court |
| 12/22/2020 | Response of Deft' Spanco, Inc., in Opposition to Pltf's PO's to Deft's PO's |
| 12/22/2020 | Memorandum of Law in Support of the Response of Deft' Spanco, Inc., in Opposition to Pltf's PO's to Deft's PO's |

| | |
|---|---|
| 12/22/2020 | Certificate of Service of Response of Deft' Spanco, Inc., in Opposition to Pltf's PO's to Deft's PO's upon Sharon L. Caffrey,Esq & Theresa A. Langschultz,Esq on 12/22/20 via EFS |
| 12/22/2020 | Order of 12/22/20 Case reassigned to Judge Timothy J. Rowley. Rule 236 Notice and Copies provided on 12/22/20. |
| 12/29/2020 | Order of 12/29/20 Continuing Oral Argument to 2/3/21. Oral argument will be held virtually by Microsoft Teams. Please provide email addresses of all counsel who wish to be included. Rule 236 Notice & Copies provided on 12/30/20. |
| 01/11/2021 | Deft Shupper-Brickle Equipment Co's Preliminary Objections to Pltf's Complaint |
| 01/11/2021 | Deft Shupper-Brickle Equipment Cos Memorandum of Law in Support of Preliminary Objections |
| 01/11/2021 | Proposed Order re: PO's |
| 01/11/2021 | Praecipe for Argument of 2/3/21 RE: Preliminary Objections of Deft Shupper-Brickle Equipment Co |
| 01/11/2021 | Affidavit of Service for Argument Court of Praecipe for Argument and Preliminary Objections |
| 01/11/2021 | Certificate of Service of Preliminary Objections |
| 01/11/2021 | Memo to Judge Rowley dated 1/11/21 regarding Dismissing Deft Shupper-Brickle Equipment Co PO's |
| 01/27/2021 | Proposed Order re: PO's |
| 01/27/2021 | Pltf's Memorandum of Law in Support of Pltf's Opposition to Deft Spanco Inc's Preliminary Objections to Pltf's Complaint |
| 01/27/2021 | Exhibit A |
| 01/27/2021 | Exhibit B |
| 01/27/2021 | Pltf's Answer to Spanco Inc's Preliminary Objections |
| 01/27/2021 | Certificate of Service of Pltf's Opposition to Deft's Preliminary Objections to Pltf's Complaint, Supporting Memorandum of Law, and Exhibits |
| 02/01/2021 | Proposed Order re: Answer to PO's |
| 02/01/2021 | Pltf's Answer to Shupper-Brickle Equipment Co.'s Preliminary Objections |
| 02/01/2021 | Memorandum/Brief |
| 02/01/2021 | Exhibits/Records |
| 02/01/2021 | Certificate of Service |
| 02/01/2021 | Pltf's Preliminary Objections to Deft Shupper-Brickle Equipment CO.'S PO's to Pltf's Complaint |
| 02/01/2021 | Memorandum of Law in Support of Pltf's PO's to Deft Shupper Brickle's PO's to Pltf's Complaint |
| 02/01/2021 | Exhibit A-D |
| 02/01/2021 | Proposed Order re: PO's |
| 02/01/2021 | Pltf's Praecipe for Argument |
| 02/01/2021 | Certificate of Service of Pltf's PO's, Memorandum of Law & Exhibits upon Robert J. Siegel on 2/1/21 by EFS & email |
| 02/03/2021 | Memo to Judge dated regarding Dismissing PO's |
| 02/25/2021 | Order of 02/24/21. re: Deft's Preliminary Objections to Pltf's Complaint. (see order for details). Rule 236 Notice and Copies provided on 02/25/21. |
| 03/19/2021 | Defts' Answer with New Matter to Pltf's Complaint |
| 03/25/2021 | Pltf, Dun-Rite Specialized Carriers, LLC's Motion To Transfer To Major Jury |
| 03/25/2021 | Memorandum of Law in Support of Pltf's Motion To Transfer To Mahor Jury |
| 03/25/2021 | Exhibits A-H |
| 03/25/2021 | Proposed Order |
| 03/25/2021 | Certificate of Service of Plaintiff's Motion to Transfer to Major Jury, Supporting Memorandum of Law, and Exhibits |
| 03/29/2021 | Order of 3/29/21 Granting Pltf's Motion to Transfer to Jury. Rule 236 Notice and copies provided on 3/29/21 |

04/05/2021     Pltf's Answer to Defts' New Matter

04/05/2021     Certificate of Service of Plaintiff's Answer to Defendants' New Matter

**EXHIBIT C**

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

| | |
|---|---|
| DUN-RITE SPECIALIZED CARRIERS, LLC<br>1561 Southern Boulevard<br>Bronx, New York 10460<br><br><br>Plaintiff,<br><br>v.<br><br>SPANCO, INC.<br>604 Hemlock Road<br>Morgantown, Pennsylvania 19543<br><br>And<br><br>SHUPPER-BRICKLE EQUIPMENT CO.<br>11 Burnt Tavern Road<br>Clarksburg, New Jersey 08510<br><br>Defendant. | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL ACTION -- ARBITRATION<br><br>October 2020 Term<br><br>No. 20-16692 |

## <u>ORDER</u>

And now, this ___ day of ____ 2021, upon consideration of Plaintiff Dun-Rite Specialized Carriers, LLC's Motion to Transfer to Major Jury, it is ORDERED that Plaintiff's Motion to Transfer is GRANTED.

BY THE COURT:

_____

Rowley, J.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

DUANE MORRIS LLP
By: Sharon L. Caffrey, Esq.
PA Identification No. 49519
Theresa A. Langschultz, Esq.
PA Identification No. 321068
SLCaffrey@duanemorris.com
TLangschultz@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103-4196
Tel: (215) 979-1180
Fax: (215) 689-1932

*Attorneys for Plaintiff*

| | |
|---|---|
| Dun-Rite Specialized Carriers, LLC<br>1561 Southern Boulevard<br>Bronx, New York 10460<br><br>Plaintiff,<br><br>v.<br><br>Spanco, Inc.<br>604 Hemlock Road<br>Morgantown, Pennsylvania 19543<br><br>And<br><br>SHUPPER-BRICKLE EQUIPMENT CO.<br>11 Burnt Tavern Road<br>Clarksburg, New Jersey 08510<br><br>Defendant. | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL ACTION -- ARBITRATION<br><br>October 2020 Term<br><br>No. 20-16692 |

## PLAINTIFF DUN-RITE SPECIALIZED CARRIERS, LLC'S
## MOTION TO TRANSFER TO MAJOR JURY

Plaintiff, Dun-Rite Specialized Carriers, LLC, ("Dun-Rite") by and through its

undersigned counsel, respectfully moves to transfer the above captioned case from arbitration to

major jury, and in support thereof, avers as follows:

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

1.      Dun-Rite filed its Complaint on October 9, 2020, alleging a gantry crane manufactured by Spanco, Inc. ("Spanco") and distributed by Shupper-Brickle Equipment Co. ("Shupper-Brickle") collapsed through no fault of Dun-Rite or its employees. *See* Complaint, attached as Exhibit A. The collapse seriously injured two of Dun-Rite's employees, causing them to suffer serious and permanent injuries; one of the injured employees has not and may never be able to return to work because of the accident. *See id.*

2.      Spanco filed preliminary objections to Plaintiff's Complaint on November 18, 2020 alleging in part that Counts III (Products Liability) and IV (Negligence) should be stricken from Plaintiff's Complaint due to the economic loss doctrine. *See* Preliminary Objections, attached as Exhibit B.[1]

3.      Spanco also requested that the Court strike all claims for damages incurred to mitigating the harm to Dun-Rite's employees, for the increased costs of workers compensation and liability insurance premiums, and, for expenses incurred in identifying the defect in the gantry crane. *See id.*

4.      Dun-Rite opposed Spanco's preliminary objections, and on February 24, 2021, the Court issued an Order overruling Spanco's and Shupper-Brickle's Preliminary Objections to strike Counts III (Products Liability) and IV (Negligence) from Plaintiff's Complaint. *See* Order and Opinion of February 24, 2021 ("February 24 Order"), attached as Exhibit D.

5.      The Court also overruled Defendants' Preliminary Objections to Plaintiff's Complaint seeking to strike its claims for damages incurred to mitigating the harm to Dun-Rite's

---

[1] Defendant Shupper-Brickle also filed Preliminary Objections to Plaintiff's Complaint on January 11, 2021 asserting the same bases as Spanco. See Preliminary Objections, attached as Exhibit C.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

employees, for the increased costs of workers compensation and liability insurance premiums, and, for expenses incurred in identifying the defect in the gantry crane.

6. Shortly after the Court issued its February 24 Order ruling that the above expenses should remain under the Court's consideration, Dun-Rite received additional information impacting its total damages.

7. Specifically, Dun-Rite obtained detailed information regarding a substantial increase in additional insurance-related expenses which was not available at the time of the filing of the Complaint.

8. On March 4, 2021, Dun-Rite received a letter confirming that The New York Compensation Insurance Rating Board had significantly increased its experience rating causing the premiums to increase in excess of $150,000 over a four-year period as a result of the gantry crane collapse accident. *See* Exs. E and F.

9. In addition, Dun-Rite has experienced a decrease in its advance premium discount, again as the result of the gantry crane failure. *See* Insurance Documents, collected as Exhibit F.

10. In addition, Dun-Rite has incurred damages totaling approximately $87,864 in advanced wages paid to employees Alvin Dominguez and Marek Kowalik while they were unable to work as a result of the accident and were not receiving workers compensation benefits. *See* Exhibits G and H.

11. Due to the impact of this gantry crane failure on its experience modification rating, Dun-Rite has lost opportunities to obtain a significant number of jobs, causing it additional financial damages.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

12.     The Court's February 24 Order made clear that Dun-Rite has a right to pursue these claims at this time.

13.     The recent developments regarding Dun-Rite's total damages increase the amount in controversy in this case well above the $50,000 jurisdictional limit for compulsory arbitration under Pennsylvania Rule of Civil Procedure 1301.

## I.     ARGUMENT

14.     This Court should grant Plaintiff's Motion to Transfer because Plaintiff's damages total over $50,000.

15.     Dun-Rite has received detailed information regarding a substantial increase in additional insurance-related expenses, and its losses in advanced wages.

16.     The Court's February 24 Order made clear that Dun-Rite has a right to pursue these claims at this time.

17.     These additional expenses bring the total amount in controversy well above $50,000 in value.

18.     Accordingly, the case falls outside the $50,000 jurisdictional limit for compulsory arbitration under Pa. R. Civ. P. 1301, and it should be properly transferred to the major jury trial list.

### a.     Legal Standard

19.     Under Pa. R. Civ. P. 1301, all civil suits in Pennsylvania in which the amount in controversy is $50,000 or less shall first be submitted to arbitration.

20.     Additionally, by statute, Pennsylvania does not allow matters to be tried in arbitration "where the amount in controversy, exclusive of interest and costs, exceeds $50,000." 42 PA.C.S. § 7361.

4

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

21.     Under local rule B.R.C.P 1301.1, the court may strike any case from the arbitration list which the court determines should be tried by a judge or a jury. The court may do this on its own motion, or upon the motion of any party. *Id.*

22.     When a party receives new information that indicates their damages have increased above the jurisdictional limit, courts may transfer the matter to major jury. *Hart v. Dorme*, No. 160901306, 2017 WL 10517929, at *1 (Pa. Com. Pl. Aug. 23, 2017) (Trial Order) (granting plaintiff's motion to transfer from arbitration to major jury after plaintiff received letter from doctor indicating that costs from injuries sustained in motor vehicle accident exceeded $50,000).

   a. **The Amount In Controversy Now Exceeds Fifty-Thousand Dollars Due To Losses In Advanced Wages And Insurance-Related Expenses**

23.     Dun-Rite's investigation has unveiled additional damages that increase the amount in controversy well above the $50,000 limit for compulsory arbitration. The additional damages include: advanced wages, increased insurance premiums, and lost business opportunities.

24.     Dun-Rite has suffered damages totaling approximately $87,864 in advanced wages paid to employees Alvin Dominguez and Marek Kowalik.

25.     Mr. Dominguez and Mr. Kowalik were both unable to work after the accident due to the severe injuries they sustained.[2] Dun-Rite incurred a loss of $50,875 in advanced wages paid to Mr. Dominguez, and $36,989 in advanced wages paid to Mr. Kowalik. *See* Exs. G and H.

---

[2] Dun-Rite has sought full reimbursement from the New York Worker's Compensation Board for the advanced wages paid to both Plaintiffs while they were unable to work and not receiving workers compensation benefits. *See* Ex's G and H.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

26.     The claim of these advanced wages is consistent with the Court's February 24 Order.

27.     In that Order, the Court ruled that all claims for damages incurred to mitigating the harm to Dun-Rite's employees, and all claims for the increased costs of workers compensation and liability insurance premiums, should remain in the complaint.

28.     Furthermore, on March 4, 2021, Dun-Rite received a letter confirming that The New York Compensation Insurance Rating Board experience modification rating had increased to a 1.45, effective October 1, 2020. *See* Exhibit E.

29.     The March 4, 2021 letter specified that the primary reason for the increase was "due to the fact that there were two unusual large claims from 2018." Ex. E.

30.     The letter further explained that, if the two large claims were removed, Dun-Rite's experience modification rate would be a .87. Additionally, Dun-Rite experienced a serious reduction in its New York State Insurance Fund ("NYSIF") advance discount, from 25% to 10%. Dun-Rite also experienced a loss in Construction Classification Premium Adjustment Program ("CPAP") credit. Ex. F.

31.     These changes have caused its premiums to increase significantly directly as the result of Spanco's defective crane.

32.     In fact, Dun-Rite estimates that it will lose in excess of $150,000 due to the increased premiums.

33.     As the March 4, 2021 letter demonstrates, the increased premiums are solely due to the claims resulting from the accident.

34.     Lastly, Dun-Rite has lost opportunities to obtain a significant amount of jobs due to their increased experience rating from .87 to 1.45.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

35.     This surcharge has a substantial impact on Dun-Rite's ability to take advantage of business opportunities.

**b.   The New Amount In Controversy Requires The Case To Be Transferred To Major Jury**

36.     This case should be transferred to major jury because the amount in controversy now exceeds $50,000.

37.     Pennsylvania does not allow matters to be tried in arbitration in which the amount in controversy exceeds $50,000. 42 Pa.C.S. § 7361.

38.     Further, the Berks County Court of Common Pleas allows courts to strike any case from the arbitration list which the court determines should be tried by a judge or a jury.

39.     The Court's February 24 Order ruled that all claims for damages incurred to mitigating the harm to Dun-Rite's employees, and all claims for the increased costs of workers compensation and liability insurance premiums, should remain under the Court's consideration.

40.     These damages have recently proven to exceed the jurisdictional amount for compulsory arbitration.

41.     The granting of this motion will promote judicial economy.

42.     Accordingly, this Court should properly transfer the case to major jury.

**WHEREFORE**, Plaintiff, Dun-Rite Specialized Carriers, LLC, respectfully requests that this Honorable Court enter an Order granting the Motion to Transfer to Major Jury and striking the above captioned case from the arbitration list pursuant to local rule B.R.C.P 1301.1.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

Dated:  March 25, 2021

Respectfully  submitted,

**DUANE MORRIS LLP**

*/s/Theresa A. Langschultz*
Sharon L. Caffrey
Beatrice  O'Donnell
Theresa  A. Langschultz
Philadelphia,  PA 19103
Tel. (215) 979-1299
Fax: (215) 979-1020
slcaffrey@duanemorris.com
tlangschultz@duanemorris.com

*Attorneys for Plaintiff*
*Dun-Rite  Specialized  Carriers,  LLC*

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

DUANE MORRIS LLP
By: Sharon L. Caffrey, Esq.
PA Identification No. 49519
Theresa A. Langschultz, Esq.
PA Identification No. 321068
SLCaffrey@duanemorris.com
TLangschultz@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103-4196
Tel: (215) 979-1180
Fax: (215) 689-1932

*Attorneys for Plaintiff*

| | |
|---|---|
| Dun-Rite Specialized Carriers, LLC<br>1561 Southern Boulevard<br>Bronx, New York 10460<br><br><br>Plaintiff,<br><br>v.<br><br>Spanco, Inc.<br>604 Hemlock Road<br>Morgantown, Pennsylvania 19543<br><br>And<br><br>SHUPPER-BRICKLE EQUIPMENT CO.<br>11 Burnt Tavern Road<br>Clarksburg, New Jersey 08510<br><br>Defendant | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL ACTION -- ARBITRATION<br><br>October 2020 Term<br><br>No. 20-16692 |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO TRANSFER TO MAJOR JURY

Plaintiff Dun-Rite Specialized Carriers, LLC files this memorandum of law in support of

its Motion to Transfer to Major Jury.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

## I.     STATEMENT OF QUESTION INVOLVED

Should the Court grant Plaintiff's Motion to Transfer from arbitration to major jury where due to a recent Order issued by the Court, as well the uncovering of new information regarding a substantial increase in Dun-Rite's accident related expenses, the amount in controversy now exceeds $50,000?

**Suggested Answer:   Yes.**

## II.    STATEMENT OF THE CASE

Dun-Rite filed its Complaint on October 9, 2020, alleging a gantry crane manufactured by Spanco and distributed by Shupper-Brickle Equipment Co. collapsed through no fault of Dun-Rite or its employees. *See* Ex. A. The collapse seriously injured two of Dun-Rite's employees, causing them to suffer serious and permanent injuries; one of the injured employees has not and may never be able to return to work because of the accident. *See id.* Spanco filed preliminary objections to Plaintiff's Complaint on November 18, 2020 alleging that (I) Counts III (Products Liability) and IV (Negligence) should be stricken from Plaintiff's Complaint due to the economic loss doctrine. *See* Ex. B.[1] Spanco also requested that the Court strike all claims for damages incurred to mitigating the harm to Dun-Rite's employees, for the increased costs of workers compensation and liability insurance premiums, and, for expenses incurred in identifying the defect in the gantry crane. *See id.*

Dun-Rite opposed Spanco's preliminary objections, and, on February 24, 2021, the Court issued an Order overruling Spanco and Shupper Brickle's Preliminary Objections to strike Counts III (Products Liability) and IV (Negligence) from Plaintiff's Complaint. *See* Ex. D. The

---

[1] Defendant Shupper-Brickle also filed Preliminary Objections to Plaintiff's Complaint on January 11, 2021 asserting the same bases as Spanco. See Preliminary Objections, attached as Exhibit C.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

Court also overruled Defendant's Preliminary Objections to Plaintiff's Complaint seeking to strike its claims for damages incurred to mitigating the harm to Dun-Rite's employees, for the increased costs of workers compensation and liability insurance premiums, and, for expenses incurred in identifying the defect in the gantry crane. *See id.*

Shortly after the Court issued its February 24 Order ruling that the above expenses should remain under the Court's consideration, Dun-Rite received additional information impacting its total damages. Specifically, Dun-Rite obtained detailed information regarding a substantial increase in additional insurance-related expenses which was not available at the time of the filing of the Complaint. On March 4, 2021, Dun-Rite received a letter confirming that The New York Compensation Insurance Rating Board had significantly increased its experience rating causing the premiums to increase in excess of $150,000 over a four-year period as a result of the gantry crane collapse accident. *See* Exs. E and F. In addition, Dun-Rite has experienced a decrease in its advance premium discount, again as the result of the gantry crane failure. *See* Ex. F.

Furthermore, Dun-Rite has incurred damages totaling approximately $87,864 in advanced wages paid to employees Alvin Dominguez and Marek Kowalik while they were unable to work as a result of the accident and were not receiving workers compensation benefits. *See* Ex's G and H. Due to the impact of this gantry crane failure on its experience modification rating, Dun-Rite has additionally lost opportunities to obtain a significant number of jobs causing it additional financial damages. The Court's February 24 Order made clear that Dun-Rite has a right to pursue these claims at this time. Accordingly, Plaintiff files this Motion to Transfer to Major Jury because the recent developments regarding Dun-Rite's total damages increase the amount in controversy in this case well above the $50,000 jurisdictional limit for compulsory arbitration under Pennsylvania Rule of Civil Procedure 1301.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

**III.**   **ARGUMENT**

This Court should grant Plaintiff's Motion to Transfer because Plaintiff's damages total over $50,000. Dun-Rite has received detailed information regarding a substantial increase in additional insurance related expenses, and its losses in advanced wages. The Court's February 24 Order makes clear that Dun-Rite has a right to pursue these claims at this time. These additional expenses bring the total amount in controversy well above $50,000 in value. Accordingly, the case falls outside the $50,000 jurisdictional limit for compulsory arbitration under Pa. R. Civ. P. 1301, and it should be properly transferred to major jury.

   **A.**   **Legal Standard**

Under Pa. R. Civ. P. 1301, all civil suits in Pennsylvania in which the amount in controversy is $50,000 or less shall first be submitted to arbitration. Additionally, by statute, Pennsylvania does not allow matters to be tried in arbitration "where the amount in controversy, exclusive of interest and costs, exceeds $50,000." 42 PA.C.S. § 7361. Under local rule B.R.C.P 1301.1, the court may strike any case from the arbitration list which the court determines should be tried by a judge or a jury. The court may do this on its own motion, or upon the motion of any party. *Id.* When a party receives new information that indicates their damages have increased above the jurisdictional limit, courts may transfer the matter to major jury. *Hart v. Dorme*, No. 160901306, 2017 WL 10517929, at *1 (Pa. Com. Pl. Aug. 23, 2017) (Trial Order) (granting plaintiff's motion to transfer from arbitration to major jury after plaintiff received letter from doctor indicating that costs from injuries sustained in motor vehicle accident exceeded $50,000).

4

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

**B.**     **The Amount In Controversy Now Exceeds Fifty-Thousand Dollars Due To Losses In Advanced Wages And Insurance-Related Expenses**

Dun-Rite's investigation has unveiled additional damages that increase the amount in controversy well above the $50,000 limit for compulsory arbitration. The additional damages include: advanced wages, increased insurance premiums, and lost business opportunities.

First, Dun-Rite has suffered damages totaling approximately $87,864 in advanced wages paid to employees Alvin Dominguez and Marek Kowalik. Mr. Dominguez and Mr. Kowalik were both unable to work after the accident due to the severe injuries they sustained. Dun-Rite incurred a loss of $50,875 in advanced wages paid to Mr. Dominguez, and $36,989 in advanced wages paid to Mr. Kowalik. *See* Exs. G and H. The claim of these advanced wages is consistent with the Court's February 24 Order. In that Order, the Court ruled that all claims for damages incurred to mitigating the harm to Dun-Rite's employees, and all claims for the increased costs of workers compensation and liability insurance premiums, should remain in the Complaint.

Furthermore, on March 4, 2021, Dun-Rite received a letter confirming that The New York Compensation Insurance Rating Board had increased its experience modification rating to 1.45, effective October 1, 2020. *See* Ex. E. The March 4, 2021 letter specified that the primary reason for the increase was "due to the fact that there were two unusual large claims from 2018." *See id.* The letter further explained that, if the two large claims were removed, Dun-Rite's experience modification rate would be a .87. *See id.* Additionally, Dun-Rite experienced a serious reduction in its New York State Insurance Fund ("NYSIF") advance discount, from 25% to 10%. *See* Ex. F. Dun-Rite also experienced a loss in Construction Classification Premium Adjustment Program ("CPAP") credit. *See id.* These changes have caused its premiums to increase significantly directly as the result of Spanco's defective crane. In fact, Dun-Rite estimates that it will lose in excess of $150,000 over a four-year period due to the increased

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

premiums.  As the March 4, 2021 letter demonstrates, the increased premiums are solely due to the claims resulting from the accident.

Lastly, Dun-Rite has lost opportunities to obtain a significant amount of jobs due to their increased experience rating from .87 to 1.45. This surcharge has a substantial impact on Dun-Rite's ability to take advantage of these business opportunities.

**C.    The New Amount In Controversy Requires The Case To Be Transferred To Major Jury**

This case should be transferred to major jury because the amount in controversy now exceeds $50,000. Pennsylvania does not allow matters to be tried in arbitration in which the amount in controversy exceeds $50,000. 42 PA.C.S. § 7361.  Further, the Berks County Court of Common Pleas allows courts to strike any case from the arbitration list which the court determines should be tried by a judge or a jury.

The Court's February 24 Order ruled that all claims for damages incurred to mitigating the harm to Dun-Rite's employees, and all claims for the increased costs of workers compensation and liability insurance premiums, should remain under the Court's consideration. These damages have recently proven to exceed the jurisdictional amount for compulsory arbitration.  For this reason, the granting of this motion will promote judicial economy. Accordingly, this Court should properly transfer the case to major jury.

**IV.    CONCLUSION**

Accordingly, for the reasons set forth herein, Dun-Rite respectfully requests that this Court grant its Motion to Transfer to Major Jury and enter an Order in the form of the attached.

6

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

By: /s/ Theresa A. Langschultz

Theresa A. Langschultz (321068)
Sharon L. Caffrey (49519)
*Attorneys for Plaintiff Dun-Rite*
*Specialized Carriers, LLC*
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Tel: (215) 979-1180
        (215) 979-1993
Email: slcaffrey@duanemorris.com
         tlangschultz@duanemorris.com
Fax: (215) 689-1932

Date:    March 25, 2021

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

# EXHIBIT A

Received County of Berks Prothonotary's Office on 04/09/2020 0:37 PM Prothonotary Docket No. 20-16692

**NOTICE TO PLEAD**
TO:  DEFENDANTS

You are hereby notified to file a written response to the
enclosed Complaint within twenty (20) days from service
hereof or a judgment may be entered against you.

/s/ Theresa A. Langschultz
**Attorney for Plaintiff**

DUANE MORRIS LLP
By: Sharon L. Caffrey, Esq.
PA Identification No. 49519
Theresa A. Langschultz, Esq.
PA Identification No. 321068
SLCaffrey@duanemorris.com
TLangschultz@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103-4196
Tel: (215) 979-1180
Fax: (215) 689-1932

*Attorneys for Plaintiff*

| | |
|---|---|
| DUN-RITE SPECIALIZED CARRIERS, LLC<br>1561 Southern Boulevard<br>Bronx, New York 10460<br><br><br>Plaintiff,<br><br>v.<br><br>SPANCO, INC.<br>604 Hemlock Road<br>Morgantown, Pennsylvania 19543<br><br>And<br><br>SHUPPER-BRICKLE EQUIPMENT CO.<br>11 Burnt Tavern Road<br>Clarksburg,  New Jersey 08510<br><br>Defendants. | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL ACTION -- ARBITRATION<br><br><br>October 2020 Term<br><br>No. _____ |

## **COMPLAINT**

Received County of Berks Prothonotary's Office on 09/09/2020 1:37 PM Prothonotary Docket No. 20-16692

## NOTICE TO DEFEND

## NOTIFICACIÓN PARA DEFENDERSE

| NOTICE | AVISO |
|---|---|

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

**YOU SHOULD TAKE THIS PAPER TO YOUR   LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Lawyers' Referral Service of the Berks County Bar Association
544 Court Street
Reading, Pennsylvania 19601
Telephone (610) 375-4591
www.BerksBar.org**

**Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

**USTED DEBE LLEVARLE ESTE DOCUMENTO A SU  ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO.  ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO.**

**SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.**

**Servicio de Recomendación para Contratar Abogados del Colegio de Abogados del Condado Berks**
**544 Court Street**
**Reading, Pennsylvania 19601**
**Teléfono (610) 375-4591**
**www.BerksBar.org**

Received County of Berks Prothonotary's Office on 09/09/2020 0:17 PM Prothonotary Docket No. 20-16692

Received County of Berks Prothonotary's Office on 09/09/2020 0:47 PM Prothonotary Docket No. 20-16692

**COMPLAINT**

Plaintiff Dun-Rite Specialized Carriers, LLC ("Dun-Rite"), by and through its undersigned counsel, alleges and states as follows:

## I.    INTRODUCTION

1.      Dun-Rite is a fine art mover and master rigger operating out of New York City.

2.      On October 9, 2018, while Dun-Rite employees were transporting art at the residence of a client in Greenwich, Connecticut, a gantry crane manufactured by defendant Spanco, Inc. ("Spanco") and distributed through Shupper-Brickle Equipment Co. ("Shupper-Brickle") collapsed through no fault of Dun-Rite or its employees, causing Dun-Rite's employees to suffer serious and sustained serious and permanent injuries.

3.      Spanco's shoddy welding in the manufacturing process was the direct and proximate cause of the gantry crane collapse.  Despite the implied warranties Spanco made to Dun-Rite, the gantry crane was not merchantable or fit for its intended purpose.  But for Spanco's defective welding and the distribution of Spanco's product by Shupper-Brickle, the gantry crane would not have collapsed.

4.      Dun-Rite brings this lawsuit to recover damages resulting from Spanco's and Shupper-Brickle's breach of the implied warranties that the gantry crane was merchantable and fit for use in Dun-Rite's business, and for Spanco's and Shupper-Brickle's product defect and Spano and Shupper-Brickle's interruption of Dun-Rite's business.

## II.    THE PARTIES

5.      Plaintiff Dun-Rite is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 1561 Southern Boulevard, Bronx, New York.  Defendant Spanco is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 604 Hemlock Road,

Received County of Berks Prothonotary's Office on 09/09/2020 0:47 PM Prothonotary Docket No. 20-16692

Morgantown, Pennsylvania.

7.      Defendant Shupper-Brickle is a corporation, organized and existing under the laws of the state of New Jersey, with its principal place of business at 11 Burnt Tavern Road, Clarksburg, New Jersey.   Shupper-Brickle is a distributor that sells and services industrial equipment throughout the Mid-Atlantic region.  According to its website, in Pennsylvania Shupper-Brickle "supplies customized bridge cranes, hoists, and related services to the greater Philadephia area including Northampton County, Bucks County, Philadelphia County, Montgomery County, Chester County, and Delaware County. We ship OEM parts and competitively priced overhead material handling equipment throughout the state of Pennsylvania."  Shupper-Brickle also contracted with Pennsylvania-based manufacturer Spanco to distribute its gantry cranes, including the gantry crane at issue in this litigation.

## III.    JURISDICTION AND VENUE

8.      Jurisdiction is proper because Spanco is a corporation registered to do business in the Commonwealth of Pennsylvania, with its principal place of business located in Morgantown, Pennsylvania.  This Court may exercise jurisdiction over Spanco pursuant to the provisions of 42 Pa. C.S. § 5301(a)(2).  Defendant Shupper-Brickle is a resident of the state of New Jersey over whom this Court may exercise jurisdiction pursuant to the provisions of 42 Pa. C.S. § 5322(a).

9.      Venue is proper in Berks County because Spanco's principal place of business is in this County, wherein it carries on a consistent and systematic part of its general business. Further, venue is proper in this County insofar as a substantial part of the events giving rise to this lawsuit – to wit, Spanco's manufacturing of a defective gantry crane and its implied warranties concerning such gantry crane and the transaction which transferred Spanco's defective gantry crane to distributor Shupper-Brickle – occurred in this County.

Received County of Berks Prothonotary's Office on 04/09/2021 8:47 PM Prothonotary Docket No. 20-16692

IV.     **FACTUAL ALLEGATIONS**

10.     Dun-Rite is a hoisting and rigging service in New York City with a specialty in transporting fine art.  Dun-Rite owns cranes of various sizes – and it employs crane operators certified by the National Commission for the Certification of Crane Operators and the Occupational Safety and Health Administration ("OSHA") – to enable Dun-Rite to meet the diverse needs of its clientele.

11.     July 2017, Dun-Rite purchased an aluminum gantry crane manufactured by Spanco, through Spanco-authorized distributor Shupper-Brickle.

12.     Shupper-Brickle is a distributor who sells and services industrial equipment throughout the Mid-Atlantic region, including the sale and supply of gantry cranes.  Shupper-Brickle contracted with Pennsylvania-based manufacturer Spanco to distribute its gantry cranes, including the gantry crane at issue in this litigation.

13.     Specifically, Dun-Rite purchased Spanco model number #3ALU1012 from Shupper-Brickle. Spanco markets model number #3ALU1012 as having a three-ton load capacity, a twelve-foot span, and a maximum height of 12'2" (hereinafter, "the Crane"). Excluding tax, shipping and the cost of related components, Dun-Rite paid $2,429.67 for the Crane.

14.     Spanco is a crane manufacturer with a national marketing and distribution footprint.  Spanco knew when it manufactured the Crane that there was a reasonable likelihood that it would be purchased – and deployed – by a moving and rigging company like Dun-Rite throughout the United States.

15.     Spanco's website states that Spanco has long "manufactured all of our cranes to

Received County of Berks Prothonotary's Office on 04/09/2021 0:47 PM Prothonotary Docket No. 20-16692

meet or exceed all applicable CMAA, ANSI, OSHA, and MMA guidelines and standards."[1]   The

website further states: "All of our welders have been certified by the American Welding Society

(AWS). And in 2011, our welding quality management system earned AWS's Certified Welding

Fabricator (CWF) designation."

16.     By manufacturing the Crane and distributing it into the stream of interstate

commerce, Spanco implicitly represented – and, indeed, guaranteed – that the Crane was fit for

the intended purpose for which gantry cranes are used.  Indeed, Spanco markets its gantry cranes

to rigging services like Dun-Rite understanding that they will use such cranes for the specific

purpose of moving and transporting objects within the designated load capacity.

17.     Further, by distributing the defectively manufactured Crane and selling it to Dun-

Rite, Shupper-Brickle implicitly represented and guaranteed that the Crane was fit for its

intended purpose.

18.     Dun-Rite reasonably relied on Spanco's reputation as an experienced and skilled

crane manufacturer, and on Shupper-Brickle's reputation in providing cranes which are fit for

their intended purposes.  Dun-Rite reasonably expected that the Crane would operate in

accordance with its specifications, including its three-ton load capacity.

19.     Soon after Shupper-Brickle delivered the Crane to Dun-Rite in July 2017, Dun-

Rite deployed the Crane in the ordinary course of its business.  Neither Dun-Rite nor any of Dun-

Rite's employees made any modifications to the Crane at any point and the Crane was used for

its intended purposes.

20.     Dun-Rite exercised reasonable care and employed industry-standard practices in

---

[1] The organizations referenced are the Construction Management Association of America, the American National Standards Institute, the Occupational Safety and Health Administration, and the Monorail Manufacturers Association, respectively.

Received County of Berks Prothonotary's Office on 09/09/2020 1:47 PM Prothonotary Docket No. 20-16692

its maintenance, operation, and storage of the Crane.  Dun-Rite ensured that only trained personnel operated the Crane.

21.     On October 9, 2018, Dun-Rite employees transported the Crane to the residence of a client in Greenwich, Connecticut as part of a routine delivery of artwork for that client.

22.     At all relevant times, Dun-Rite and its employees exercised reasonable diligence in the course of their transportation of the Crane to – and the operation of the Crane at – the client's residence in Greenwich.

23.     Through no fault of Dun-Rite or its employees, the Crane collapsed while it was moving the artwork within the residence.  The artwork's weight was well under the Crane's purported three-ton load capacity.  Nevertheless, the movement of the artwork resulted in one of the Crane's vertical legs to torque in the direction opposite the movement, causing the Crane's welding structure to fracture, and resulting in the Crane's collapse and injure Dun-Rite's employees.

24.     The Crane's collapse caused serious injuries to two of Dun-Rite's employees, some of which are permanent in nature and character.

25.     Dun-Rite, in turn, has lost more than just the replacement cost of the Crane.  Dun-Rite also incurred expenses in removing and cleaning up after the Crane collapse.  Dun-Rite also incurred expenses in identifying the cause of the Crane collapse.  Additionally, Dun-Rite was deprived business opportunities during the time it was without an operable crane, thus resulting in lost profits.

26.     Dun-Rite further has suffered reputational harm within the high-end art community in Greenwich, New York City, and surrounding areas as a result of the Crane collapse, resulting in further lost profits.  Dun-Rite's insurance premiums also have increased

Received County of Berks Prothonotary's Office on 09/09/2020 9:47 PM Prothonotary Docket No. 20-16692

dramatically, including for its workers' compensation insurance.  All of these damages were a foreseeable and direct result of the Crane's collapse.

27.     OSHA promptly investigated the Crane collapse.  It identified no fault by Dun-Rite in connection with the Crane collapse.  OSHA found no workplace safety issues.

28.     Dun-Rite enlisted the services of an independent metallurgist to examine the Crane.  The metallurgist determined, with a reasonable degree of certainty, that a contributing cause of the Crane collapse was Spanco's defective welding that did not comport to industry standard as set forth in the American Welding Society's Structural Welding Code for Aluminum ("AWS Code").

29.     Among other defects in violation of the AWS Code, the metallurgist identified: (a) a depression on the weld face that unacceptably provided an area for cracking to occur; (b) extensive internal porosity on the fracture surface and surrounding areas; and (c) incomplete penetration at the root of the weld for the supporting gusset.

30.     The metallurgist determined, with a reasonable degree of scientific certainty, that these defects, more likely than not, contributed to the collapse of the Crane.  The metallurgist further determined that the foregoing defects were caused by the fabricator's failure to implement a degree of care that is standard in the welding industry.

31.     In short, Spanco's failure to exercise due care in manufacturing and inspecting the Crane, and Shupper-Brickle's failure to exercise due care in its distribution and sale of the Crane has resulted in substantial harm to Dun-Rite.

## COUNT I
## Breach of Implied Warranty of Merchantability

32.     Plaintiff repeats and realleges the allegations set forth above as if set forth here in their entirety.

9

Received County of Berks Prothonotary's Office on 09/09/2020 0:47 PM Prothonotary Docket No. 20-16692

33.     Spanco is engaged in the business of manufacturing gantry cranes and distributing them into the stream of commerce.

34.     Shupper-Brickle is a distributor in the business of selling manufactured gantry cranes throughout the stream of commerce, and sold the defective Crane to Dun-Rite.

35.     Spanco manufactured a defective gantry crane that it distributed into the stream of commerce through Shupper-Brickle in or about July 2017, whereupon Dun-Rite purchased the defective Crane.

36.     A warranty that the Crane was merchantable is implied by law, including a warranty that the Crane is fit for the intended purpose of moving heavy objects and that the Crane was manufactured soundly and that it was free of defects.

37.     Spanco breached its implied warranty of merchantability when it sold the Crane whose welding did not comport with industry standards, including the AWS Code.

38.     Shupper-Brickle breached its implied warranty of merchantability when it distributed the Crane whose welding did not comport with industry standards, including the AWS Code.

39.     Spanco further breached its implied warranty of merchantability when it sold the Crane that collapsed when transporting an object that was within its represented three-ton load capacity.

40.     Shupper-Brickle further breached its implied warranty of merchantability when it distributed the Crane that collapsed when transporting an object that was within its represented three-ton load capacity.

41.     As a result of Spanco's and Shupper-Brickle's breach of the implied warranty of merchantability, Dun-Rite has suffered damages in the amount of the value of the Crane if it had

Received County of Berks Prothonotary's Office on 09/09/2020 6:37 PM Prothonotary Docket No. 20-16692

been as warranted and expenses incurred in remediating and identifying the cause of the collapsed Crane.

42.     Spanco's and Shupper-Brickle's breach of the implied warranty of merchantability also caused Dun-Rite incidental and consequential damages including lost profits, reputational damages, and increased insurance premiums.

**COUNT II**
**Breach of Implied Warranty of Fitness**

43.     Plaintiff repeats and realleges the allegations set forth above as if set forth here in their entirety.

44.     Spanco is engaged in the business of manufacturing gantry cranes and distributing them into the stream of commerce.

45.     Spanco manufactured a defective gantry crane that it distributed into the stream of commerce in or about July 2017, whereupon Dun-Rite purchased the defective Crane.

46.     Spanco markets its gantry cranes to rigging companies like Dun-Rite, understanding that such companies will use the gantry cranes to transport heavy objects for their clients. As such, Spanco knew that the Crane was likely to be used by a company like Dun-Rite for the particular purpose of transporting client property within the represented three-ton load capacity.

47.     A warranty that the Crane was fit for its intended purposes is implied by law, including a warranty that the Crane is fit for the particular purpose of moving heavy objects for clients and that the Crane was manufactured soundly and that it was free of defects.

48.     Dun-Rite had options when purchasing gantry cranes for its business. Dun-Rite purchased the Spanco Crane in reliance on Spanco's reputation, experience and skill and based on Spanco's marketing of gantry cranes to Dun-Rite as a rigging company.

Received County of Berks Prothonotary's Office on 09/09/2020 8:47 PM Prothonotary Docket No. 20-16692

49.     Spanco breached its implied warranty of fitness when it sold the Crane whose welding did not comport with industry standards, including the AWS Code.

50.     Shupper-Brickle breached its implied warranty of fitness when it distributed the Crane whose welding did not comport with industry standards, including the AWS Code.

51.     Spanco further breached its implied warranty of fitness when it sold the Crane that collapsed when transporting an object that was within its represented three-ton load capacity.

52.     Shupper-Brickle further breached its implied warranty of fitness when it distributed the Crane that collapsed when transporting an object that was within its represented three-ton load capacity.

53.     As a result of Spanco's and Shupper-Brickle's breach of the implied warranty of fitness, Dun-Rite has suffered damages in the amount of the value of the Crane if it had been as warranted and expenses incurred in remediating and identifying the cause of the collapsed Crane.

54.     Spanco's and Shupper-Brickle's breach of the implied warranty of fitness also caused Dun-Rite incidental and consequential damages including lost profits, reputational damages, and increased insurance premiums.

**COUNT III**

**Products Liability**

55.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if set forth here in their entirety.

56.     Spanco is engaged in the business of manufacturing gantry cranes and distributing them into the stream of commerce.

57.     Shupper-Brickle is a distributor in the business of selling manufactured gantry cranes throughout the stream of commerce, and sold the defective Crane to Dun-Rite.

58.     Spanco manufactured a defective gantry crane that it distributed into the stream of

12

Received County of Berks Prothonotary's Office on 09/09/2020 6:37 PM Prothonotary Docket No. 20-16692

commerce through Shupper-Brickle in or about July 2017, whereupon Dun-Rite purchased the defective Crane.

59.     Said Crane was defective and in an unreasonable safe condition at the time Spanco sold it due to welding that did not comport to industry standards, including the AWS Code.

60.     Shupper-Brickle failed to undertake an investigation into the safety of the crane when it agreed to distribute and sell Spanco's crane to Dun-Rite.

61.     Spanco and Shupper-Brickle expected and/or reasonably should have expected that the Crane would reach the consuming public with no substantial changes thereto.

62.     Spanco and Shupper-Brickle delivered the defective Crane into the stream of commerce knowing that the Crane posed a high risk of harm to others but deliberately proceeded with a conscious disregard and reckless indifference to the interest of others.

63.     At all times prior to October 9, 2018, Plaintiff did not discover and could not have discovered with reasonable diligence the manufacturing defect in the Crane.

64.     As direct and proximate cause of Spanco's defective manufacturing and Shupper-Brickle's distribution and sale of a defectively-manufactured gantry crane, Dun-Rite suffered financial, operational, and reputational harm when the defective Crane manufactured by Spanco collapsed on October 9, 2018.

65.     The foregoing injuries were not caused by any negligence of Dun-Rite or any of its employees, but rather were caused by Spanco's manufacturing defect and Shupper-Brickle's distribution and sale of the product.

66.     Based on the foregoing, Spanco and Shupper-Brickle are strictly liable to Plaintiff for all damages that flowed to Plaintiff from the collapse of the Crane.

Received County of Berks Prothonotary's Office on 09/09/2020 8:47 PM Prothonotary Docket No. 20-16692

**COUNT IV**

**NEGLIGENCE**

67.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if set forth here in their entirety.

68.     As a gantry crane manufacturer, Spanco owes of duty of care to all individuals who may purchase, use and/or come into contact with its gantry crane.

69.     Among other things, Spanco's duty of care as a gantry crane manufacturer includes the duty to weld a gantry crane in a manner consistent with industry standards, including the AWS Code.

70.     Spanco breached its duty of care when Spanco and/or employees or agents under Spanco's direct control and supervision manufactured the Crane whose welding did not comport with industry standards, including the AWS Code.

71.     Spanco further breached its duty of care when Spanco and/or employees or agents under Spanco's direct control and supervision reasonably failed to inspect the Crane to ensure that its welding comports to industry standards, including the AWS Code.

72.     Spanco further breached its duty of care when Spanco failed to train or supervise its employees or agents to ensure that their welding comported to industry standards, including the AWS Code.

73.     Spanco knew that the Crane posed a high risk of harm to others yet it breached the foregoing duties with a conscious disregard and reckless indifference to the interest of others.

74.     It was reasonably foreseeable that a direct and proximate cause of Spanco's breached duties of care would be a collapsed gantry crane that could injure individuals using and/or in close proximity to the Crane.

75.     As a distributor and seller of gantry cranes, Shupper-Brickle owes a duty to sell

Received County of Berks Prothonotary's Office on 04/09/2020 6:47 PM Prothonotary Docket No. 20-16692

cranes which are free of defects.

76.     Shupper-Brickle failed to investigate the safety of the gantry crane it sold and distributed.

77.     By selling a defectively manufactured gantry crane, Shupper-Brickle knew that the Crane posed a high risk of harm to others, yet it breached the foregoing duties with a conscious disregard and reckless indifference to the interest of others.

78.     As direct and proximate cause of Spanco's defective manufacturing and Shupper-Brickle's distribution and sale of a defectively-manufactured gantry crane, Dun-Rite suffered financial, operational, and reputational harm when the defective Crane manufactured by Spanco collapsed on October 9, 2018.

79.     The foregoing injuries were not caused by any negligence of any of the Plaintiff, but rather were caused by Spanco's and Shupper-Brickle's negligence.

## **RELIEF**

WHEREFORE, Plaintiff Dun-Rite seeks a judgment against Defendants Spanco and Shupper-Brickle awarding damages and legal relief, and specifically prays the Court to grant the following relief to Plaintiff by:

a.     Awarding direct and consequential damages to Plaintiff for the replacement cost of a new gantry crane, direct damages incurred in mitigating the harm to its employees, and indirect damages for the increased costs of workers compensation and liability insurance premiums, the expenses incurred in identifying the defect in the gantry crane, lost profits due to the unavailability of a gantry crane, and lost profits due to reputational harm which said Plaintiff has suffered and will suffer as a result of the unlawful conduct of Defendant, as well as other damages to Plaintiff's business and reputation. Spanco and Defendant Shupper-Brickle;

b.      Awarding Plaintiff costs of this action;

c.      Awarding Plaintiff all such other damages as are just and appropriate; and

d.      Granting such other and further relief as this Court deems appropriate.

By: /s/ Theresa A. Langschultz
Theresa A. Langschultz (321068)
Sharon L. Caffrey (49519)
*Attorneys for Plaintiff Dun-Rite*
*Specialized Carriers, LLC*
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Tel: (215) 979-1180
      (215) 979-1993
Email: slcaffrey@duanemorris.com
       tlangschultz@duanemorris.com
Fax: (215) 689-1932

Date:   October 9, 2020

Received County of Berks Prothonotary's Office on 10/09/2020 0:34 PM Prothonotary Docket No. 20-16692

## VERIFICATION

I, ~~Anthony Centini~~ depose and say that I am the _V.P._____ for Dun-Rite

Specialized Carriers LLC, Plaintiff in the above-entitled action, and that I am authorized to make

this verification on its behalf.  I verify that the foregoing averments, which are not all within my

personal knowledge, are true and correct upon information and belief.

Declared pursuant to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification

to authorities.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 9, 2020, I caused a copy of the foregoing Civil Complaint

to be served on behalf of Plaintiff Dun-Rite Specialized Carriers, LLC on the following

Defendants by Certified Mail, Return Receipt Requested:

Spanco, Inc.
604 Hemlock Road
Morgantown, PA  19543

Shupper-Brickle Equipment Co.
11 Burnt Tavern Road
Clarksburg, New Jersey 08510

*/s/ Theresa A. Langschultz*
Theresa A. Langschultz

Received County of Berks Prothonotary's Office on 09/09/2020 0:37 PM Prothonotary Docket No. 20-16692

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

# EXHIBIT B

Received County of Berks Prothonotary's Office on 03/25/2020 9:44 PM Prothonotary Docket No. 20-16692

| | |
|---|---|
| DUN-RITE SPECIALIZED<br>CARRIERS, LLC<br><br>v.<br><br>SPANCO, INC, and<br>SHUPPER-BRICKLE EQUIPMENT CO. | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>DOCKET NO. 20-16692<br><br>TRIAL BY JURY OF TWELVE DEMANDED |

## ORDER

**AND NOW**, this _____ day of _____ 2020, upon consideration of

Defendant, Spanco, Inc.'s, Preliminary Objections to Plaintiff's Complaint, and any response

thereto, it is hereby **ORDERED** and **DECREED** that the Defendant's Preliminary Objections

are SUSTAINED.  It is further **ORDERED** that:

(1) Counts III (Products Liability) and IV (Negligence) are STRICKEN from Plaintiff's

Complaint with prejudice: and,

(2) All claims for damages incurred in mitigating the harm to Plaintiff's employees, for

the increased costs of workers compensation and liability insurance premiums, and,

expenses incurred in identifying the defect in the gantry crane are STRICKEN from

Plaintiff's Complaint with prejudice.

**BY THE COURT**:

_____

J.

Received County of Berks Prothonotary's Office on 03/28/2020 9:44 PM Prothonotary Docket No. 20-16692

DUN-RITE SPECIALIZED
CARRIERS, LLC

v.

SPANCO, INC, and
SHUPPER-BRICKLE EQUIPMENT CO.

BERKS COUNTY
COURT OF COMMON PLEAS

DOCKET NO. 20-16692

TRIAL BY JURY OF TWELVE DEMANDED

## ALTERNATIVE ORDER

**AND NOW**, this _____ day of _____ 2020, upon consideration of Defendant, Spanco, Inc.'s, Preliminary Objections to Plaintiff's Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Defendants' Preliminary Objections are SUSTAINED.  It is further **ORDERED** that:

(1.) All allegations of "conscious disregard and reckless indifference to the interests

of others" are STRICKEN from paragraphs 62, 73 and 77 of Plaintiff's Complaint

with prejudice; and,

(2) All claims for damages incurred in mitigating the harm to Plaintiff's employees,

increased costs of workers compensation and liability insurance premiums and

expenses incurred in identifying the defect in the gantry crane are STRICKEN from

Plaintiff's Complaint with prejudice.

**BY THE COURT**:

_____
                                            J.

Received County of Berks Prothonotary's Office on 03/28/2020 9:44 PM Prothonotary Docket No. 20-16692

**ROBERT J. SIEGEL, ESQUIRE**               **ATTORNEY FOR DEFENDANT**
E-Mail: robert.siegel@zurichna.com            SPANCO, INC.
Attorney I.D. No: 46717
**DENGLER & LIPSKI**
2000 Market Street, Suite 1100
Philadelphia, PA  19103
(215) 861-6705

| | |
|---|---|
| DUN-RITE SPECIALIZED CARRIERS, LLC<br><br>v.<br><br>SPANCO, INC, and<br>SHUPPER-BRICKLE EQUIPMENT CO. | BERKS COUNTY<br>COURT OF COMMON PLEAS<br><br>DOCKET NO. 20-16692<br><br>TRIAL BY JURY OF TWELVE DEMANDED |

**PRELIMINARY OBJECTIONS OF DEFENDANT, SPANCO, INC.,
TO PLAINTIFF'S COMPLAINT**

**I.     BACKGROUND**

1.     Plaintiff commenced this action by filing a Complaint in the Court of Common

Pleas of Berks County on October 9, 2020.  See, Exhibit "A" Complaint.

2.     This litigation arises out of an alleged incident which occurred on October 9,

2018. See, Exhibit "A" ¶ 2.

3.     Plaintiff contends that Defendant, Spanco, Inc.  manufactured and distributed a

gantry crane that collapsed while in use by Plaintiff's employees resulting in damages to

Plaintiff.  See, Exhibit "A" - ¶¶ 2, 3.

**II.     LEGAL ARGUMENT**

4.     Under Pennsylvania law, preliminary objections in the form of a demurrer,

"...admits every well-pleaded material fact set forth in the pleadings to which it is addressed as

well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to

sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his

claims cannot be sustained, and the law will not permit recovery. If there is any doubt, this

Received County of Berks Prothonotary's Office on 03/28/2021 9:44 PM Prothonotary Docket No. 20-16692

should be resolved in favor of overruling the demurrer." *National Recove1y Systems v. Frebraro*, 430 A.2d 686 (Pa. Super. 1981).

5.      Where reasons for dismissal of allegations contained within a complaint are clearly established, a Court may strike a complaint or strike allegations by way of preliminary objection. See, *Witherspoon v. City of Philadelphia*, 768 A.2d 1079 (Pa. 2001); *Bower v. Bower*, 6 11 A.2d 181 (Pa. 1992); I*nterstate Traveler Services, Inc. v. Corn. Dept. of Environmental Resources*, 406 A.2d 1020 (Pa. 1979). In the instant matter, Defendants have clearly established reasons to sustain the within Preliminary Objections.

**A.      Motion to Strike Counts III (Products Liability) and VI (Negligence) for Insufficiency of the Pleading Under Pa.R.C.P. 1028(a)(4).**

6.      Defendants hereby incorporate the preceding paragraphs of their Preliminary Objections as if more fully set forth herein.

7.      Plaintiff has made claims for damages sounding in tort in Count III (Products Liability) and IV (Negligence),  *See* Exhibit "A", Count III and IV.

8.      It is well-settled law in Pennsylvania that the economic loss doctrine bars recovery in tort where there is no physical injury and the only damages are to the product itself. *Spivak v. Berks Ridge Corp.,* 402 Pa. Super. 73, 586 A.2d 402, 405 (Pa. Super. 1991); *REM Coal Co. v. Clark Equip, Co.,* 386 Pa. Super. 401, 563 A.2d 128, 132 (Pa. Super. 1989).

9.      The economic loss doctrine bars recovery for Plaintiff when a claim is brought in tort (strict liability or negligence) but no physical injury exists and the only damage is to the product itself.  *New York State Elec & Gas Corp. v. Westinghouse Elec. Corp.,* 387 Pa. Super. 537, 564 A.2d 919, 925-926 (Pa. Super. 1989).

10.      "(R)ecovery in  tort is barred in product liability actions between commercial enterprises where the only damage alleged is to the product itself… " *REM, supra* at 132.

Received County of Berks Prothonotary's Office on 03/28/2020 9:44 PM Prothonotary Docket No. 20-16692

11.     Applying the economic loss doctrine must be viewed based on the source of the duty plaintiff claims the defendant owes. "Specifically, if the duty arises under a contract between the parties, a tort action will not lie from a breach of that duty." *Bilt-Rite Contractors, Inc. v. The Architectural Studio,* 581 Pa. 454, 866 A2d 270, 288 (Pa 2005).

12.     In the case at bar, Plaintiff alleges it purchased an aluminum gantry crane manufactured by Defendant Spanco, Inc.. *See* Exhibit "A" - ¶¶11 – 13

13.     Any duty owed by Defendant Spanco, Inc. to Plaintiff arises out of the alleged sale of the aluminum gantry crane.

14.     The sale of the aluminum gantry crane arises out of a contract.

15.     Thus, any duty owed by Defendant Spanco, Inc. would arise out of the contract.

16.     The only damage that Plaintiff has suffered is the damaged product itself. Plaintiff has not alleged, nor can it allege any physical injury.

17.     Plaintiff has failed to aver any facts tending to show that it suffered any physical harm except to the product itself.

18.     Thus, even when read in the light most favorable to the Plaintiff, the factual allegations set forth in Plaintiff's Complaint as against Defendant, Spanco, Inc., do not support a claim for products liability or negligence.

19.     As Plaintiff has failed to plead any facts which would support any allegations beyond that of a breach of contract, Plaintiff's tort claims as alleged in Counts III (Products Liability) and IV (Negligence) are barred under the economic loss doctrine.

        ***WHEREFORE***, it is respectfully requested that this Honorable Court strike Count III and IV from Plaintiff's Complaint, with prejudice.

Received County of Berks Prothonotary's Office on 03/28/2021 9:44 PM Prothonotary Docket No. 20-16692

**B.      In the Alternative, Motion to Strike Allegations of Conscious Disregard and Reckless Indifference to the Interests of Others from Plaintiff's Complaint Pursuant to Pa.R.C.P. No. 1028(a)(2)-(4).**

20.      Defendant hereby incorporates the preceding paragraphs of their Preliminary

Objections as if more fully set forth herein.

21.      Plaintiff, in its Complaint, avers that the alleged incident was caused by

Defendant's "conscious disregard and reckless indifference to the interests of others". *See*

Exhibit "A", ¶¶ 62, 73, and 77.

22.      The Pennsylvania Superior Court has explained:

Reckless indifference to the interests of others", or as it is sometimes referred to, "wanton misconduct", means that "the actor has intentionally done an act of an unreasonable character, in disregard to a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.

*McClellan v. HMO*, 604 A.2d 1053, 1061 (Pa. Super. Ct. 1992) (citations omitted).

23.      Under Pennsylvania law, recklessness or wantonness requires a showing that the

actor knew or had reason to know of facts which created a high degree of risk of physical harm

to another and that the actor deliberately proceeded to act, or failed to act, in conscious disregard

of, or indifference to, that risk. *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991)

(discussing the type of recklessness that must be shown for a finding of punitive damages under

Pennsylvania law).

24.      The Pennsylvania Supreme Court has explained:

Our case law makes it clear that punitive damages are an "extreme remedy" available in only the most exceptional matters. Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either "the defendant's evil motive or his reckless indifference to the rights of others." A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." Thus, a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed. Rather, the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts amounted to "intentional,

willful, wanton or reckless conduct..."

*Phillips v. Cricket Lighters*, 883 A.2d 439, 445-46 (Pa. 2005).

25.    Thus, in determining whether punitive damages should be awarded, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984). See also, *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963) ("In determining whether punitive damages should be awarded, the act itself together with all the circumstances including the motive of the wrongdoer and the relations between the parties should be considered").

26.    In the instant case, Plaintiff s Complaint is completely devoid of any material facts demonstrating that Defendant, Spanco, Inc., knew or had reason to know that their alleged conduct created an unreasonable  risk of physical  harm others or that such risk was substantially greater than that which is necessary to make their conduct negligent.

27.    Further, Plaintiff has failed to aver any facts tending to show that Defendant, Spanco, Inc., had the state of mind required for a finding of recklessness in that Plaintiff has failed to aver any facts tending to show that Defendant acted deliberately, or failed to act in conscious disregard of a known high degree of risk of physical harm.

28.    Thus, even when read in the light most favorable to the Plaintiff, the factual allegations set forth in Plaintiff's Complaint as against Defendant, Spanco, Inc., support no more than a claim for ordinary negligence.

29.    As Plaintiff has failed to plead any facts, which would support the allegations that Defendant, Spanco, Inc., conduct showed a "conscious disregard and reckless indifference to the interests of others", Plaintiff's allegations of same against said Defendant in Paragraphs 62, 73, and 77 should be stricken from Plaintiff's Complaint, with prejudice.

Received County of Berks Prothonotary's Office on 03/25/2020 9:44 PM Prothonotary Docket No. 20-16692

Received County of Berks Prothonotary's Office on 03/28/2021 9:44 PM Prothonotary Docket No. 20-16692

**WHEREFORE,** it is respectfully requested that this Honorable Court strike all allegations of "conscious disregard and reckless indifference to the interests of others" from Plaintiff's Complaint, with prejudice.

**C.     Motion to Strike All Claims for Damages Incurred in Mitigating the Harm to Plaintiff's Employees, Increased Costs of Workers Compensation and Liability Insurance Premiums, and Expenses Incurred in Identifying the Defect in the Gantry Crane from Plaintiff's Complaint Pursuant to Pa.R.C.P. No. 1028(a)(2)-(4).**

30.     Defendant hereby incorporates the preceding paragraphs of its Preliminary Objections as if more fully set forth herein.

31.     Plaintiff has made claims for direct damages incurred in mitigating the harm to plaintiff's employees, indirect damages for the increased costs of workers compensation and liability insurance premiums, and, the expenses incurred in identifying the defect in the gantry crane.  See,  Exhibit "A", Relief.

32.     General damages in a breach of warranty claim in the case of accepted goods are the actual difference in the value between the goods as promised and the goods as received.  See, 13 Pa.C.S.A. Section 2714; *AM/PM Franchise Ass'n v. Atlantic Richfield Co.,* 526 Pa. 110, 118, 584 A.2d 915 (Pa 1990).

33.      Consequential damages are "losses that do not flow directly and immediately from an injurious act but result indirectly from the act.".  *Black's Law Dictionary*

34.     In order to recover consequential damages, the seller must have had reason to know of the buyer's general or particular requirements and that the consequential damages sought were a reasonably foreseeable consequence of the alleged breach at the time of agreement.  See*, AM/PM Franchise, supra. at 920.*

35.     Plaintiff claims for damages incurred in mitigating the harm to plaintiff's employees, the increased costs of workers compensation and liability insurance premiums, and,

Received County of Berks Prothonotary's Office on 03/28/2020 9:44 PM Prothonotary Docket No. 20-16692

the expenses incurred in identifying the defect in the gantry crane are not a reasonably foreseeable consequence of the alleged breach as identified in Plaintiff's Complaint.

36.     In the instant case, Plaintiff s Complaint is completely devoid of any material facts demonstrating that Defendant, Spanco, Inc., knew or had reason to know that their alleged conduct could result in said damages.

37.     Thus, even when read in the light most favorable to the Plaintiff, the factual allegations set forth in Plaintiff's Complaint as against Defendant, Spanco, Inc., do not support a claim for damages incurred in mitigating the harm to plaintiff's employees, the increased costs of workers compensation and liability insurance premiums, and, expenses incurred in identifying the defect in the gantry crane.

38.     As Plaintiff has failed to plead any facts, which would support the allegations for said damages against Defendant, Spanco, Inc., Plaintiff's allegations of same against said Defendant in Plaintiff's request for Relief should be stricken from Plaintiff's Complaint, with prejudice.

**WHEREFORE**, it is respectfully requested that this Honorable Court strike Plaintiff's claims for damages for direct damages incurred in mitigating the harm to plaintiff's employees, indirect damages for the increased costs of workers compensation and liability insurance premiums, and, the expenses incurred in identifying the defect in the gantry crane from Plaintiff's Complaint, with prejudice.

**DENGLER & LIPSKI**

*Robert J. Siegel, Esquire*
*Attorney for Defendant,*
*Spanco, Inc*.

**<u>VERIFICATION</u>**

ROBERT J. SIEGEL, ESQUIRE, hereby states that he is the attorney of record for

Defendant, Spanco, Inc., in this action and verifies that the statements made in the foregoing

Preliminary Objections are true and correct to the best of his knowledge, information and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18

Pa.C.S. Section 4904, relating to unsworn falsification to authorities.


*Robert J. Siegel, Esquire*
*Attorney for Defendant, Spanco, Inc.*

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

# EXHIBIT C

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

**ROBERT J. SIEGEL, ESQUIRE**
E-Mail: robert.siegel@zurichna.com
Attorney I.D. No: 46717
**DENGLER & LIPSKI**
2000 Market Street, Suite 1100
Philadelphia, PA  19103
(215) 861-6705

**ATTORNEY FOR DEFENDANTS**
 SHUPPER-BRICKLE EQUIPMENT CO.
 and SPANCO, INC.

---

DUN-RITE SPECIALIZED
CARRIERS, LLC

       v.

SPANCO, INC, and
SHUPPER-BRICKLE EQUIPMENT CO.

BERKS COUNTY
COURT OF COMMON PLEAS

DOCKET NO. 20-16692

TRIAL BY JURY OF TWELVE DEMANDED

---

**PRELIMINARY OBJECTIONS OF DEFENDANT, SHUPPER-BRICKLE
EQUIPMENT, CO.,  TO PLAINTIFF'S COMPLAINT**

**I.      BACKGROUND**

1.      Plaintiff commenced this action by filing a Complaint in the Court of Common

Pleas of Berks County on October 9, 2020.  See, Exhibit "A" Complaint.

2.      This litigation arises out of an alleged incident which occurred on October 9,

2018. See, Exhibit "A" ¶ 2.

3.      Plaintiff contends that Defendant, Shupper-Brickle Equipment, Co., distributed a

gantry crane that collapsed while in use by Plaintiff's employees resulting in damages to

Plaintiff.  See, Exhibit "A" - ¶¶ 2, 3.

**II.     LEGAL ARGUMENT**

4.      Under Pennsylvania law, preliminary objections in the form of a demurrer,

"...admits every well-pleaded material fact set forth in the pleadings to which it is addressed as

well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to

sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

claims cannot be sustained, and the law will not permit recovery. If there is any doubt, this should be resolved in favor of overruling the demurrer." *National Recove1y Systems v. Frebraro*, 430 A.2d 686 (Pa. Super. 1981).

5.      Where reasons for dismissal of allegations contained within a complaint are clearly established, a Court may strike a complaint or strike allegations by way of preliminary objection. See, *Witherspoon v. City of Philadelphia*, 768 A.2d 1079 (Pa. 2001); *Bower v. Bower*, 6 11 A.2d 181 (Pa. 1992); I*nterstate Traveler Services, Inc. v. Corn. Dept. of Environmental Resources*, 406 A.2d 1020 (Pa. 1979). In the instant matter, Defendant has clearly established reasons to sustain the within Preliminary Objections.

**A.      Motion to Strike Counts III (Products Liability) and VI (Negligence) for Insufficiency of the Pleading Under Pa.R.C.P. 1028(a)(4).**

6.      Defendant hereby incorporates the preceding paragraphs of its Preliminary Objections as if more fully set forth herein.

7.      Plaintiff has made claims for damages sounding in tort in Count III (Products Liability) and IV (Negligence), *See* Exhibit "A".

8.      It is well-settled law in Pennsylvania that the economic loss doctrine bars recovery in tort where there is no physical injury and the only damages are to the product itself. *Spivak v. Berks Ridge Corp.,* 402 Pa. Super. 73, 586 A.2d 402, 405 (Pa. Super. 1991); *REM Coal Co. v. Clark Equip, Co.,* 386 Pa. Super. 401, 563 A.2d 128, 132 (Pa. Super. 1989).

9.      The economic loss doctrine bars recovery for Plaintiff when a claim is brought in tort (strict liability or negligence) but no physical injury exists and the only damage is to the product itself. *New York State Elec & Gas Corp. v. Westinghouse Elec. Corp.,* 387 Pa. Super. 537, 564 A.2d 919, 925-926 (Pa. Super. 1989).

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

10.     "(R)ecovery in tort is barred in product liability actions between commercial enterprises where the only damage alleged is to the product itself… " *REM, supra* at 132.

11.     Applying the economic loss doctrine must be viewed based on the source of the duty plaintiff claims the defendant owes. "Specifically, if the duty arises under a contract between the parties, a tort action will not lie from a breach of that duty." *Bilt-Rite Contractors, Inc. v. The Architectural Studio,* 581 Pa. 454, 866 A2d 270, 288 (Pa 2005).

12.     In the case at bar, Plaintiff alleges it purchased an aluminum gantry crane from Shupper-Brickle Equipment Co., *See* Exhibit "A" - ¶¶11 – 13

13.     Any duty owed by Defendant Shupper-Brickle to Plaintiff arises out of the alleged sale of the aluminum gantry crane.

14.     The sale of the aluminum gantry crane arises out of a contract.

15.     Thus, any duty owed by Defendant Shupper-Brickle would arise out of the contract.

16.     The only damage that Plaintiff has suffered is the damaged product itself. Plaintiff has not alleged, nor can it allege any physical injury.

17.     Plaintiff has failed to aver any facts tending to show that it suffered any physical harm except to the product itself.

18.     Thus, even when read in the light most favorable to the Plaintiff, the factual allegations set forth in Plaintiff's Complaint as against Defendant, Shupper-Brickle, do not support a claim for products liability or negligence.

19.     As Plaintiff has failed to plead any facts which would support any allegations beyond that of a breach of contract, Plaintiff's tort claims as alleged in Counts III (Products Liability) and IV (Negligence) are barred under the economic loss doctrine.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

**WHEREFORE**, it is respectfully requested that this Honorable Court strike Count III and IV from Plaintiff's Complaint, with prejudice.

**B.     In the Alternative, Motion to Strike Allegations of Conscious Disregard and Reckless Indifference to the Interests of Others from Plaintiff's Complaint Pursuant to Pa.R.C.P. No. 1028(a)(2)-(4).**

20.     Defendant hereby incorporates the preceding paragraphs of their Preliminary Objections as if more fully set forth herein.

21.     Plaintiff, in its Complaint, avers that the alleged incident was caused by Defendant's "conscious disregard and reckless indifference to the interests of others". *See* Exhibit "A", ¶¶ 62 and 77.

22.     The Pennsylvania Superior Court has explained:

Reckless indifference to the interests of others", or as it is sometimes referred to, "wanton misconduct", means that "the actor has intentionally done an act of an unreasonable character, in disregard to a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.

*McClellan v. HMO*, 604 A.2d 1053, 1061 (Pa. Super. Ct. 1992) (citations omitted).

23.     Under Pennsylvania law, recklessness or wantonness requires a showing that the actor knew or had reason to know of facts which created a high degree of risk of physical harm to another and that the actor deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk. *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 199l) (discussing the type of recklessness that must be shown for a finding of punitive damages under Pennsylvania law).

24.     The Pennsylvania Supreme Court has explained:

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

Our case law makes it clear that punitive damages are an "extreme remedy" available in only the most exceptional matters. Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either "the defendant's evil motive or his reckless indifference to the rights of others." A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." Thus, a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed. Rather, the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts amounted to "intentional, willful, wanton or reckless conduct..."

*Phillips v. Cricket Lighters*, 883 A.2d 439, 445-46 (Pa. 2005).

25.      Thus, in determining whether punitive damages should be awarded, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984). See also, *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963) ("In determining whether punitive damages should be awarded, the act itself together with all the circumstances including the motive of the wrongdoer and the relations between the parties should be considered").

26.      In the instant case, Plaintiff s Complaint is completely devoid of any material facts demonstrating that Defendant, Shupper-Brickle, knew or had reason to know that their alleged conduct created an unreasonable  risk of physical  harm others or that such risk was substantially greater than that which is necessary to make their conduct negligent.

27.      Further, Plaintiff has failed to aver any facts tending to show that Defendant, Shupper-Brickle, had the state of mind required for a finding of recklessness in that Plaintiff has failed to aver any facts tending to show that Defendant acted deliberately, or failed to act in conscious disregard of a known high degree of risk of physical harm.

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

28.     Thus, even when read in the light most favorable to the Plaintiff, the factual allegations set forth in Plaintiff's Complaint as against Defendant, Shupper-Brickle, support no more than a claim for ordinary negligence.

29.     As Plaintiff has failed to plead any facts, which would support the allegations that Defendant, Shupper-Brickle, conduct showed a "conscious disregard and reckless indifference to the interests of others", Plaintiff's allegations of same against said Defendant in, but not limited to  Paragraphs 62 and 77 should be stricken from Plaintiff's Complaint, with prejudice.

**WHEREFORE,** it is respectfully requested that this Honorable Court strike all allegations of "conscious disregard and reckless indifference to the interests of others" from Plaintiff's Complaint, with prejudice.

**C.     Motion to Strike All Claims for Damages Incurred in Mitigating the Harm to Plaintiff's Employees, Increased Costs of Workers Compensation and Liability Insurance Premiums, and Expenses Incurred in Identifying the Defect in the Gantry Crane from Plaintiff's Complaint Pursuant to Pa.R.C.P. No. 1028(a)(2)-(4).**

30.     Defendant hereby incorporates the preceding paragraphs of its Preliminary Objections as if more fully set forth herein.

31.     Plaintiff has made claims for direct damages incurred in mitigating the harm to plaintiff's employees, indirect damages for the increased costs of workers compensation and liability insurance premiums, and, the expenses incurred in identifying the defect in the gantry crane.  See,  Exhibit "A", Relief.

32.     General damages in a breach of warranty claim in the case of accepted goods are the actual difference in the value between the goods as promised and the goods as received.  See, 13 Pa.C.S.A. Section 2714; *AM/PM Franchise Ass'n v. Atlantic Richfield Co.,* 526 Pa. 110, 118, 584 A.2d 915 (Pa 1990).

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

33.    Consequential damages are "losses that do not flow directly and immediately from an injurious act but result indirectly from the act.".  *Black's Law Dictionary*

34.    In order to recover consequential damages, the seller must have had reason to know of the buyer's general or particular requirements and that the consequential damages sought were a reasonably foreseeable consequence of the alleged breach at the time of agreement.  See*, AM/PM Franchise, supra. at 920.*

35.    Plaintiff claims for damages incurred in mitigating the harm to plaintiff's employees, the increased costs of workers compensation and liability insurance premiums, and, the expenses incurred in identifying the defect in the gantry crane are not a reasonably foreseeable consequence of the alleged breach as identified in Plaintiff's Complaint.

36.    In the instant case, Plaintiff's Complaint is completely devoid of any material facts demonstrating that Defendant, Shupper-Brickle, knew or had reason to know that their alleged conduct could result in said damages.

37.    Thus, even when read in the light most favorable to the Plaintiff, the factual allegations set forth in Plaintiff's Complaint as against Defendant, Shupper-Brickle, do not support a claim for damages incurred in mitigating the harm to plaintiff's employees, the increased costs of workers compensation and liability insurance premiums, and, expenses incurred in identifying the defect in the gantry crane.

38.    As Plaintiff has failed to plead any facts, which would support the allegations for said damages against Defendant, Shupper-Brickle, Plaintiff's allegations of same against said Defendant in Plaintiff's request for Relief should be stricken from Plaintiff's Complaint, with prejudice.

*WHEREFORE*, it is respectfully requested that this Honorable Court strike Plaintiff's claims for damages for direct damages incurred in mitigating the harm to plaintiff's employees, indirect damages for the increased costs of workers compensation and liability insurance premiums, and, the expenses incurred in identifying the defect in the gantry crane from Plaintiff's Complaint, with prejudice.

**DENGLER & LIPSKI**

*Robert J. Siegel, Esquire*
*Attorney for Defendants*

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

## VERIFICATION

ROBERT J. SIEGEL, ESQUIRE, hereby states that he is the attorney of record for Defendant, Shupper-Brickle Equipment, Co., in this action and verifies that the statements made in the foregoing Preliminary Objections are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

*Robert J. Siegel, Esquire*
*Attorney for Defendants*

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

# EXHIBIT D

DUN-RITE SPECIALIZED
CARRIERS, LLC,
   Plaintiff,
  v.

SPANCO, INC., and
SHUPPER-BRICKLE EQUIPMENT CO.,
   Defendants.

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

Trial Court No. 20-16692

The Honorable Timothy J. Rowley

## ORDER

**AND NOW**, this 24th day of February 2021, this Court has taken a thorough review of both Defendant's Preliminary Objections to Plaintiff's Complaint, the Answers thereto and the briefs and arguments of counsel and finds as follows:

1.  Plaintiff's claims allege damages beyond the crane at issue and therefore it is premature for the Court to rule the Economic Loss Doctrine is applicable to Plaintiff's claims. Accordingly, both Defendant's Preliminary Objections to Counts III (Products Liability) and IV (Negligence) are OVERRULED without prejudice.

2.  Both Defendant's Preliminary Objections to Plaintiff's Complaint regarding their Motion to Strike Allegations of Conscious Disregard and Reckless Indifference to the Interests of Others as well as claims of punitive damages and damages incurred in mitigating the harm to Dun-Rite's employees, the increased costs of workers compensation and liability insurance premiums, and the expenses incurred in identifying the defects are likewise premature at this stage of the litigation. This Court's practice is to resolve claims for punitive damages well in advance of the

Received County of Berks Prothonotary's Office on 02/25/2021 9:16 AM Docket No. 20-16692

matter proceeding to trial. Therefore, both Defendant's Preliminary Objections are OVERRULED without prejudice.

Additionally, Plaintiff's Preliminary Objections to Defendant Spanco, Inc.'s Preliminary Objections to Plaintiff's Complaint as well as Plaintiff's Preliminary Objections to Defendant Shupper-Brickle Equipment Co.'s Preliminary Objections to Plaintiff's Complaint are OVERRULED as this Court has found no prejudice by any delay.

BY THE COURT:

The Honorable Timothy J. Rowley

NOTICE IS HEREBY GIVEN OF THE ENTRY OF THIS ORDER
OR DECREE PURSUANT TO RULE P.C.P. 236 YOU ARE
NOTIFIED THAT THIS ORDER/DOCUMENT HAS BEEN
FILED IN THE PROTHONOTARY'S OFFICE OF BERKS
COUNTY AND THIS IS AN EXTRACT FROM THE RECORD
OF SAID COURT CERTIFIED ON  02/25/21
J. K. DEL COLLO          Prothonotary

_____  Deputy

Received County of Berks Prothonotary's Office on 02/25/2021 9:16 AM Docket No. 20-16692

# EXHIBIT E



110 William Street-12th  Floor New York, NY 10038-4949   Phone (212) 709-8600   Fax (212) 269-6054

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

March 4, 2021

Mr. Michael Narcisco, President
**Dunrite Specialized Carriers, LLC.**
1561 Southern Blvd.
Bronx, NY 10460

Re: Policy #: 2384 363-4
RB File # R 001 92 49 19

Dear Mr. Narcisco,

As the Group Manager for Safety Group #251 with The State Insurance Fund, of which you are a member, this will serve to confirm that your experience rating modification promulgated by The New York Compensation Insurance Rating Board effective 10/1/20 is a 1.45.

Please note that the primary reason for your experience modification rate is 1.45 is due to the fact that there were two unusual large claims from 2018.

It is therefore quite apparent that your experience modification rate is not a true reflection of your loss prevention and loss control practices. It is merely a reflection of the two unusual large claims. If these claims were removed from your experience, your 10/1/20 experience modification rate would be approximately .87.

If there are any questions regarding this matter, or if we can be of assistance in any other matter, please do not hesitate to contact us.

Sincerely,

Tara Edwards
Underwriter

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

# EXHIBIT F

# THE STATE INSURANCE FUND

199 Church St, New York, NY, 10007-1100
(888) 875-5790

| Document Type: | Group No: | Period Covered: ★ | R.B. File No: |
|---|---|---|---|
| **AUDIT** | **251** | **10/01/2018 TO 10/01/2019** | **001924919R** |

INSURED:     Z 2384 363-4          GROUP MANAGER:     251

DUN-RITE SPECIALIZED CARRIERS, LLC
1561 SOUTHERN BLVD.
BRONX NY 10460

LOVELL SAFETY MGMT CO., LLC
110 WILLIAM STREET   12TH FLR
NEW YORK NY 10038

Policy No:
Z 2384 363-4
Date:
12/02/2019
Document Number:
A10001039477

**★ PERIOD OF COVERAGE BEGINS AND ENDS AT TWELVE AND ONE MINUTE O'CLOCK A.M. EASTERN STANDARD TIME**

---

## *INFORMATION PAGE AUDIT*

---

| ITEM# CODE CLASSIFICATION DESCRIPTION | PAYROLL | X RATE PER $100 | = SIF MANUAL RATE PREMIUM |
|---|---|---|---|
| 1.  8293 STORAGE WAREHOUSES-FURNITURE&DVRS-U | 619,674 | 13.75 | 85,205.18 |
| 2.  8810 CLERICAL OFFICE EMPLOYEES NOC-U | 678,359 | 0.18 | 1,221.05 |
| 3.  3724 MACHINERY ERECTION INSTALL NOC&DRVR | 100 | 6.96 | 6.96 |
| 4.  9126 TERRITORY 1 DIFFERENTIAL 0.0% | | | |
| 5.  8293 STORAGE WAREHOUSES-FURNITURE&DVRS-U | 100 | 13.75 | 13.75 |
| 6.  8809 EXECUTIVE OFFICERS N.O.C. ETC-U | 37,700 | 0.28 | 105.56 |
| 7.  8293 STORAGE WAREHOUSES-FURNITURE&DVRS-U | 100 | 13.75 | 13.75 |
| 8.  8293 STORAGE WAREHOUSES-FURNITURE&DVRS-U | 100 | 13.75 | 13.75 |
| 9.  8293 STORAGE WAREHOUSES-FURNITURE&DVRS-U | 100 | 13.75 | 13.75 |
| 10. 8293 STORAGE WAREHOUSES-FURNITURE&DVRS-U | 100 | 13.75 | 13.75 |

| | |
|---|---|
| 11. MANUAL PREMIUM . . . . . . . . . . . . . . . . . . . . . . . . . | 86,607.50 |
| 12. EXPERIENCE RATING CHARGE 6% OF (ITEM 11) . . . . . . . . . . | 5,196.45 |
| 13. TOTAL MODIFIED PREMIUM . . . . . . . . . . . . . . . . . . | 91,803.95 |
| 14. NY CONSTR CLASS CREDIT 4% OF (ITEM 13) . . . . . . . . . . . | 3,672.16CR |
| 15. TOTAL STANDARD PREMIUM . . . . . . . . . . . . . . . . . . | 88,131.79 |
| 16. NYSIF DISCOUNT 25% OF (ITEM 15). . . . . . . . . . . . . . . | 22,032.95CR |
| 17. EXPENSE CONSTANT . . . . . . . . . . . . . . . . . . . . . | 250.00 |
| 18. TERRORISM PREMIUM. . . . . . . . . . . . . . . . . . . . . | 761.71 |
| 19. NATURAL DISASTER AND CATASTROPHE PREMIUM . . . . . . . . . . | 133.63 |
| 20. TOTAL PREMIUM. . . . . . . . . . . . . . . . . . . . . . . | 67,244.18 |
| 21. ASSESSMENT CHARGE 12.1% OF (ITEM 20 LESS ITEM 17 ) . . . . . . | 8,106.30 |
| 22. TOTAL PREMIUM + ASSESSMENTS. . . . . . . . . . . . . . . . . | 75,350.48 |

| | |
|---|---|
| CREDIT FOR PREVIOUS DEPOSIT PREMIUM. . . . . . . . . . . . . | 8,862.97CR |
| CREDIT FOR PREVIOUS INSTALLMENTS . . . . . . . . . . . . . . | 97,492.71CR |
| A. TOTAL CREDIT FOR PREVIOUS PREMIUM. . . . . . . . . . . . . . | 106,355.68CR |
| B. TOTAL PREMIUM + ASSESSMENTS (ITEM 22). . . . . . . . . . . . | 75,350.48 |

**THIS IS NOT A BILL.  IMPORTANT PREMIUM CALCULATION, PLEASE RETAIN FOR YOUR RECORDS.**
(SEE REVERSE SIDE FOR CONDITIONS)

PAGE    1  CONT.

NIF2S / NIF2SAAV2 (10/2017)

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

# THE STATE INSURANCE FUND

199 Church St, New York, NY, 10007-1100

(888) 875-5790

| Document Type: | Group No: | Period Covered: * | R.B. File No: |
|---|---|---|---|
| **INFORMATION PAGE** | **251** | **10/01/2019 TO 10/01/2020** | **001924919R** |

INSURED:    Z 2384 363-4

DUN-RITE SPECIALIZED CARRIERS, LLC
1561 SOUTHERN BLVD.
BRONX NY 10460

GROUP MANAGER:      251

LOVELL SAFETY MGMT CO., LLC
110 WILLIAM STREET   12TH FLR
NEW YORK NY 10038

Policy No:

Z 2384 363-4
Date:

08/26/2020
Document Number:

E10001273884

MP   1016

\* PERIOD OF COVERAGE BEGINS AND ENDS AT TWELVE AND ONE MINUTE O'CLOCK A.M. EASTERN STANDARD TIME

TYPE OF BUSINESS: LIMITED LIABILITY COMPANY

## INFORMATION PAGE REVISED

THIS POLICY COVERS THE FOLLOWING LOCATIONS

| | | |
|---|---|---|
| 1561 SOUTHERN BLVD. | 1-3 | EFF: 03/19/2016 |
| BRONX   NY  10460 | | |
| 1546 MINFORD PLACE | 2-1 | EFF: 03/19/2016 |
| BRONX   NY  10460 | | |
| 1571 SOUTHERN BLVD. | 3-9 | EFF: 03/19/2016 |
| BRONX   NY  10460 | | |
| 96 LAKE STREET | 4-7 | EFF: 03/19/2016 |
| WHITE PLAINS   NY  10604 | | |

THE PREMIUM FOR THIS POLICY WILL BE DETERMINED BY OUR MANUALS OF RULES, CLASSIF-
ICATIONS, RATES  AND RATING PLANS. ALL INFORMATION  REQUIRED BELOW IS SUBJECT TO
VERIFICATION AND CHANGE BY AUDIT.

| ITEM# CODE CLASSIFICATION DESCRIPTION | ESTIMATED PAYROLL | X RATE PER $100 | = SIF MANUAL RATE PREMIUM |
|---|---|---|---|
| REBILLED TO CHANGE PAYROLL PER INSURED'S REQUEST | | | |
| 1. 8293 STORAGE WAREHOUSES-FURNITURE&DVRS-U | 770,000 | 11.48 | 88,396.00 |
| 2. 3724 MACHINERY ERECTION INSTALL NOC&DRVR | 32,073 | 6.44 | 2,065.50 |
| 3. 9126 TERRITORY 1 DIFFERENTIAL 0.0% | | | |
| 4. 8810 CLERICAL OFFICE EMPLOYEES NOC-U | 446,674 | 0.17 | 759.35 |
| 5. 8742 SALESPERSONS,COLLECTORS OR MESSENGE | 62,440 | 0.37 | 231.03 |
| 6. 8809 EXECUTIVE OFFICERS N.O.C. ETC-U | 45,000 | 0.24 | 108.00 |
| 7. 8873 TELECOMMUTER REASSIGNED EMPLOYEES | 238,019 | 0.17 | 404.63 |
| 8. MANUAL PREMIUM . . . . . . . . . . . . . . . . . . . . . . . . . | | | 91,964.51 |
| 9. EXPERIENCE RATING CHARGE 4% OF (ITEM 8). . . . . . . . . . . | | | 3,678.58 |
| 10. TOTAL MODIFIED PREMIUM . . . . . . . . . . . . . . . . . . . | | | 95,643.09 |
| 11. NYSIF DISCOUNT 10% OF (ITEM 10). . . . . . . . . . . . . . . | | | 9,564.31CR |
| 12. EXPENSE CONSTANT . . . . . . . . . . . . . . . . . . . . . . | | | 250.00 |
| 13. TERRORISM PREMIUM. . . . . . . . . . . . . . . . . . . . . . | | | 908.70 |
| 14. NATURAL DISASTER AND CATASTROPHE PREMIUM . . . . . . . . . . | | | 159.42 |
| 15. TOTAL ESTIMATED ANNUAL PREMIUM . . . . . . . . . . . . . . . | | | 87,396.90 |
| 16. ASSESSMENT CHARGE 12.6% OF (ITEM 15 LESS ITEM 12 ) . . . . . . | | | 10,980.51 |

PAGE    3  CONT.

NIF2S / NIF10SV2 (01/2017)

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

## THE STATE INSURANCE FUND
199 Church St, New York, NY, 10007-1100
(888) 875-5790

| Document Type: **INFORMATION PAGE** | Group No: **251** | Period Covered: **10/01/2020 TO 10/01/2021** | * R.B. File No. **001924919R** |
|---|---|---|---|

| | | |
|---|---|---|
| INSURED:          Z 2384 363-4 | GROUP MANAGER :    251 | Policy No: |
| DUN-RITE SPECIALIZED CARRIERS, LLC<br>1561 SOUTHERN BLVD.<br>BRONX NY 10460 | LOVELL SAFETY MGMT CO., LLC<br>110 WILLIAM STREET  12TH FLR<br>NEW YORK NY 10038 | Z 2384 363-4 |
| | | 08/24/2020 |
| | | Document Number: |
| | | E10001272238 |
| | | MP  958 |

* PERIOD OF COVERAGE BEGINS AND ENDS AT TWELVE AND ONE MINUTE O'CLOCK A.M. EASTERN STANDARD TIME

TYPE OF BUSINESS: LIMITED LIABILITY COMPANY

### *INFORMATION PAGE RENEWAL POLICY*

THIS POLICY COVERS THE FOLLOWING LOCATIONS

| | | |
|---|---|---|
| 1561 SOUTHERN BLVD.<br>       BRONX   NY  10460 | 1-3  EFF: | 03/19/2016 |
| 1546 MINFORD PLACE<br>       BRONX   NY  10460 | 2-1  EFF: | 03/19/2016 |
| 1571 SOUTHERN BLVD.<br>       BRONX   NY  10460 | 3-9  EFF: | 03/19/2016 |
| 96 LAKE STREET<br>       WHITE PLAINS   NY  10604 | 4-7  EFF: | 03/19/2016 |

THE PREMIUM FOR THIS POLICY WILL BE DETERMINED BY OUR MANUALS OF RULES, CLASSIF-
ICATIONS, RATES  AND RATING PLANS. ALL INFORMATION  REQUIRED BELOW IS SUBJECT TO
VERIFICATION AND CHANGE BY AUDIT.

THIS POLICY IS NOW OPEN TO RENEW OR CREATE WORKERS' COMPENSATION CERTIFICATES OF
INSURANCE FOR THE UPCOMING POLICY PERIOD. LOG IN TO YOUR  NYSIF CUSTOMER ACCOUNT
AT  WWW.NYSIF.COM AND SELECT THE   "CREATE/RENEW CERTIFICATES"  OPTION UNDER THE
ECERT MENU TO ACCESS THIS FEATURE.

| ITEM# CODE CLASSIFICATION DESCRIPTION | ESTIMATED PAYROLL | X RATE PER $100 | = SIF MANUAL RATE PREMIUM |
|---|---|---|---|
| The payroll  for your policy  renewal is  based on prior  audited/reported  payroll. If your  payroll has  decreased due to  the COVID-19 crisis, please contact your policy representative so your payroll can be adjusted accordingly. | | | |
| 1. 8293  STORAGE WAREHOUSES--FURNITURE&DVRS-U | 620,200 | 11.37 | 70,516.74 |
| 2. 3724  MACHINERY ERECTION INSTALL NOC&DRVR | 100 | 5.79 | 5.79 |
| 3. 9126  TERRITORY 1 DIFFERENTIAL 0.0% | | | |
| 4. 8810  CLERICAL OFFICE EMPLOYEES NOC-U | 678,400 | 0.15 | 1,017.60 |
| 5. 8809  EXECUTIVE OFFICERS N.O.C. ETC-U | 37,700 | 0.24 | 90.48 |
| 6. MANUAL PREMIUM . . . . . . . . . . . . . . | | | 71,630.61 |
| 7. EXPERIENCE RATING CHARGE 45% OF (ITEM 6) . . . . . . . . . . . | | | 32,233.77 |

PAGE   3 CONT.

NIF2S / NIF10SV2 (01/2017)

---

STATE OF NEW YORK - WORKERS' COMPENSATION BOARD
ESTADO DE NUEVA YORK - JUNTA DE COMPENSACION OBRERA

www.wcb.ny.gov
Statewide Fax Line: 877-533-0337

NOTICE OF COMPLIANCE                              AVISO DE CUMPLIMIENTO

**TO EMPLOYEES**                                 **A EMPLEADOS**

**IMPORTANT INFORMATION FOR EMPLOYEES WHO ARE INJURED OR SUFFER AN OCCUPATIONAL DISEASE WHILE WORKING.**

**INFORMACION  IMPORTANTE PARA EMPLEADOS QUE SEAN LESIONADOS O SUFRAN UNA ENFERMEDAD OCUPACIONAL MIENTRAS TRABAJAN.**

1. By posting this notice and information concerning your rights as an injured worker, your employer is in compliance with the Workers' Compensation Law.

2. If you do not notify your employer within 30 days of the date of your injury your claim may be disallowed, so do so immediately.

3. You are entitled to obtain any necessary medical treatment and should do so immediately.

4. You may choose any doctor, podiatrist, chiropractor or psychologist referred by a medical doctor that accepts NY State Workers' Compensation patients and is Board authorized. However, if your employer is involved in a certified preferred provider organization (PPO) you must first be treated by a provider chosen by your employer and your employer must give you a written statement of your rights concerning further medical care.

5. You should tell your doctor to file copies of medical reports concerning your claim with the Workers' Compensation Board and with your employer's insurance company, which is indicated at the bottom of this form.

6. You may be entitled to lost time benefits if your work-related injury keeps you from work for more than seven days, compels you to work at lower wages or results in permanent disability to any part of your body. You may be entitled to rehabilitation services if you need help returning to work.

7. You should not pay any medical providers directly. They should send their bills to your employer's insurance carrier. If there is a dispute, the provider must wait until the Board makes a decision before it attempts to collect payment from you. If you do not pursue your claim or the Board rules that your injury is not work-related, you may be responsible for the payment of the bills.

8. You are entitled to be represented by an attorney or licensed representative, but it is not required. If you do hire a representative, do not pay him/her directly. Any fee will be set by the Board and will be deducted from your award.

9. If you have difficulty in obtaining a claim form or need help in filling it out, or if you have any other questions or problems about a job-related injury, contact any office of the Workers' Compensation Board.

1. Su patrono está  cumpliendo la Ley de Compensación Obrera cuando despliega este comunicado concerniente a sus derechos como trabajador lesionado.

2. Si usted no notifica a su patrono dentro del término de 30 días de haber sufrido su lesión su reclamación podría ser desestimada, por eso notifíque inmediatamente.

3. Usted tiene derecho a recibir cualquier tratamiento médico necesario relacionado con su lesión y debe gestionarlo inmediatamente.

4. Para el tratamiento de cualquier lesión  o enfermedad relacionadacon el trabajo, usted puede escoger cualquier médico, podiatra  quiropractico o psicólogo (si es referido por un medico  autorizado) que esté autorizado y acepte pacientes de la Juntade Compensación Obrera. Sin embargo, si su patrono está autorizado a participar  una organizacion certificada de proveedores preferidos (PPO) usted deberá obtener tratamiento  inicial para cualquier  lesión o enfermedad relacionada con el trabajo de la correspondiente entidad. Patronos que  participen en cualquier  de estos programas establecidos por ley están obligadosa proveer a sus empleados notificación escrita explicando sus derechos y obligaciones bajo el programa a que esté acogido.

5. Usted deberá requerir de su Médico que radique copias de los informes médicos de su caso en la Junta de Compensación Obrera y en la compañia de seguros de su patrono, cue se indica al final de esta forma.

6. Usted tiene derecho a compensación si su lesión relacionada con el trabajo le impide trabajar por más de siete días, le obliga a trabajar a sueldo más bajo ó resulta en incapacidad permanente de cualquier parte de su cuerpo. Usted puede tener derecho a servicios de rehabilitación si necesita ayuda para regresar al trabajo.

7. No  pague a  ningun proveedor medico directamente por  tratamiento de su lesión o enfermedad relacionada con el trabajo. Ellos deben enviar sus facturas al asegurador de su patrono. Si el caso es cuestionado, el proveedor deberá esperar hasta que la Junta decida el caso, antes de iniciar gestión de cobro alguna contra usted. Si usted no tramita su caso ó la Junta falla que su lesión o enfermedad no está relacionada con el trabajo, usted podría ser responsable del pago de las facturas.

8. No es obligatorio  al estar representado en ninguno de los procedimientos de la Junta, pero es un derecho que usted tiene: el estar representado por abogado ó por representante licenciado a usted asi lo desea. Si es representado, no pague al abogado ó al representante licenciado. Cuando la Junta decida su caso, los honorarios seran determinados por la Junta y descontados de sus beneficios.

9. Si tiene dificultad en conseguir un formulario de reclamación ó necesita ayuda para llenarlo ó tiene  dudas  sobre  cualquier  situación relacionada  con una lesión ó enfermedad comuníquese con la oficina mas cercana de la Junta.

**WORKERS' COMPENSATION BOARD OFFICES**
Albany, 12241 - 100 Broadway-Menands - (866) 750-5157
*Brooklyn, 11201 - 111 Livingston St. - Brooklyn - (800) 877-1373
Binghamton, 13901 - State Office Bldg.-44 Hawley St.- (866) 802-3604
Buffalo, 14202 - 369 Franklin Street - (866) 211-0045
*Hauppauge, 11788 - 220 Rabro Drive - Suite 100 - (866) 681-6354
*Menands, 11550 - 175 Fulton Avenue - (866) 800-3630
*New York, 10027 - 215 W.125th St. - Manhattan - (800) 877-1373
*Peekskill, 10566 - 41 North Division St. - (866) 746-0552
*Queens, 11432 - 168-46 91st Ave. - Jamaica (800) 877-1373
Rochester, 14614 - 130 Main Street West - (866) 211-0644
Syracuse, 13203 - 935 James St. - (866) 802-3730

*DOWNSTATE MAIL ADDRESS Claims-related mail for the Hauppauge, Hempstead, Peekskill and all NYC offices should be mailed to: PO Box 5205 Binghamton, NY 13902-5205

Clarissa M. Rodriguez
Chair (Presidenta)

Workers' Compensation Benefits, when due, will be paid by (Los beneficios de Compensación Obrera, cuandos debidos, seran pagados por):

| **THE STATE INSURANCE FUND**<br>199 Church Street, New York, N.Y. 10007<br>(212) 312-9000 | Name of employer (Nombre de patrono) |
|---|---|
| Effective From    **10/01/2020**    To    cancellation<br>(En Vigor Desde)                   (Hasta  cancellation) | DUN-RITE SPECIALIZED CARRIERS, LLC<br>1561 SOUTHERN BLVD.<br>BRONX NY 10460 |
| Policy No.        Z 2384 363-4<br>(Poliza No.) | THIS NOTICE MUST BE POSTED CONSPICUOUSLY IN  AND ABOUT THE EMPLOYER'S PLACE OR PLACES OF BUSINESS. |

C-105 (08-2009)
S.I.F. U-30
*1209IFSN

PRESCRIBED BY CHAIR
WORKERS' COMPENSATION BOARD
STATE OF NEW YORK

www.wcb.ny.gov

Failure to post this notice in and about the employer's place or places of business may result in a $250 penalty for each violation.

**THE STATE INSURANCE FUND**
199 Church St, New York, NY, 10007-1100
(888) 875-5790

| Document Type: | Group No: | Period Covered: | * | R.B. File No: |
|---|---|---|---|---|
| **INFORMATION PAGE** | 251 | 10/01/2020 TO 10/01/2021 | | 001924919R |

| INSURED:      Z 2384 363-4 | GROUP MANAGER:      251 |
|---|---|
| DUN-RITE SPECIALIZED CARRIERS, LLC<br>1561 SOUTHERN BLVD.<br>BRONX NY 10460 | LOVELL SAFETY MGMT CO., LLC<br>110 WILLIAM STREET   12TH FLR<br>NEW YORK NY 10038 |

Policy No:
Z 2384 363-4
Date:
08/24/2020
Document Number:
E10001272238
MP   958

INSURED:      Z 2384 363-4

GROUP MANAGER:      251

DUN-RITE SPECIALIZED CARRIERS, LLC
1561 SOUTHERN BLVD.
BRONX NY 10460

LOVELL SAFETY MGMT CO., LLC
110 WILLIAM STREET   12TH FLR
NEW YORK NY 10038

Z 2384 363-4

08/24/2020

* PERIOD OF COVERAGE BEGINS AND ENDS AT TWELVE AND ONE MINUTE O'CLOCK A.M. EASTERN STANDARD TIME

TYPE OF BUSINESS: LIMITED LIABILITY COMPANY

### *INFORMATION PAGE RENEWAL POLICY*

```
 8. TOTAL MODIFIED PREMIUM . . . . . . . . . . . . . . . . . . .       103,864.38
 9. NYSIF DISCOUNT 10% OF (ITEM 8) . . . . . . . . . . . . . . .     10,386.44CR
10. EXPENSE CONSTANT . . . . . . . . . . . . . . . . . . . . . .          250.00
11. TERRORISM PREMIUM . . . . . . . . . . . . . . . . . . . . .           761.75
12. NATURAL DISASTER AND CATASTROPHE PREMIUM . . . . . . . . . .          133.64
13. TOTAL ESTIMATED ANNUAL PREMIUM . . . . . . . . . . . . . . .       94,623.33
14. ASSESSMENT CHARGE 12.2% OF (ITEM 13 LESS ITEM 10 ) . . . . .       11,513.55
15. TOTAL ESTIMATED POLICY COST. . . . . . . . . . . . . . . . .      106,136.88


 A. DEPOSIT PREMIUM REQUIRED 8.33% OF (ITEM 15) ++ . . . . . . . .      8,844.74


 ++  THE ACTUAL DEPOSIT AND INSTALLMENT PERCENTAGE IS 8.3333333%.


 THE  REMAINING  BALANCE CAN BE PAID IN 11 INSTALLMENT(S). A $10 SERVICE CHARGE WILL
 APPLY  TO  EACH  INSTALLMENT.  YOU  MAY  PAY THE FULL ESTIMATED AMOUNT IF YOU WISH.
```

PAGE    4

NIF2S / NIF10SV2 (01/2017)

# EXHIBIT G



**New York State Insurance Fund**
199 CHURCH STREET, NEW YORK, NY 10007-1173

## EMPLOYER'S REQUEST FOR REIMBURSEMENT

TO:
ADDRESS:

CLAIMANT: Alvin Dominguez        S.I.F. No.: 71665467-164

EMPLOYER: Don-Rite Specialized Carriers    W.C.B. No.: 42237895

DATE OF
ACCIDENT: 10/9/2018

### SEE INSTRUCTIONS ON BACK

To the Workers' Compensation Board:

The undersigned employer hereby requests FULL REIMBURSEMENT, in accordance with the Workers' Compensation Law,

for wages advanced during a period of absence due to disability.

The total amount advanced was: Fifty Thousand Eight Hundred Seventy five dollars and

2000 cents ( $ 50,875 00 ) for the period from 10/10/2018

through 5/31/2019

DATE: 6/3/19

EMPLOYER'S REPRESENTATIVE:
Print Name    Anthony Conetta

and Title    VP

EMPLOYER'S SIGNATURE:

EMPLOYEE'S SIGNATURE: NOT REQUIRED TO WORK

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance
or statement of claim containing any materially false information, or conceals for the purpose of misleading, information
concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil
penalty not to exceed five thousand dollars and the stated value of the claim for each violation.

**NOTE TO EMPLOYER:**

Under current interpretations of Section 25 of the Workers' Compensation Law, in cases involving temporary disability, an employer may
not recover more than the compensation benefit rate for the period during which compensation or wages were advanced, nor may there be
any reimbursement for the first week if the disability does not exceed two (2) weeks.

C-107 (6/05)         C-107         C-107         C-107

# EXHIBIT H



**New York State Insurance Fund**
199 CHURCH STREET. NEW YORK. NY 10007-1173

## EMPLOYER'S REQUEST FOR REIMBURSEMENT

TO:
ADDRESS:

CLAIMANT: Marek Kowalik          S.I.F. No.: 71865491·61
EMPLOYER: Dur-rite Specialized   W.C.B. No.: G2351135
                                 DATE OF ACCIDENT: 10/9/18

### SEE INSTRUCTIONS ON BACK

To the Workers' Compensation Board:

The undersigned employer hereby requests FULL REIMBURSEMENT, in accordance with the Workers' Compensation Law, for wages advanced during a period of absence due to disability.

The total amount advanced was: $36,989.00 Thirty Six Nine Hundred eighty nine dollars and

_____ cents ($ 36989. ) for the period from 10/10/18

through 3/7/19

DATE: 3/20/19

EMPLOYER'S REPRESENTATIVE:
Print Name: Anthony Corvetta
and Title:
EMPLOYER'S SIGNATURE:

EMPLOYEE'S SIGNATURE: _____

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each violation.

NOTE TO EMPLOYER:

Under current interpretations of Section 25 of the Workers' Compensation Law, in cases involving temporary disability, an employer may not recover more than the compensation benefit rate for the period during which compensation or wages were advanced, nor may there be any reimbursement for the first week if the disability does not exceed two (2) weeks.

C-107 (6/05)      C-107      C-107      C-107

**CERTIFICATE  OF SERVICE**

I, Theresa  A. Langschultz,  certify  that on March 25, 2021, I served  a true and correct

copy of Plaintiff's  Motion  to Transfer  to Major Jury, Supporting  Memorandum  of Law, and

Exhibits  upon all counsel  of record  via the Court's electronic  filing  system,  and via electronic

mail  pursuant  to Pa.R.C.P. 205.4(g)  to the following  addresses:

Robert J. Siegel
DENGLER  & LIPSKI
2000 Market Street, Suite 1100 Philadelphia,  PA  19103
(215) 861-6705
robert.siegel@zurichna.com

*Counsel for Spanco, Inc. and Shupper-Brickle  Equipment Co.*

*/s/ Theresa A. Langschultz*
Theresa  A. Langschultz

Received County of Berks Prothonotary's Office on 03/25/2021 9:44 PM Prothonotary Docket No. 20-16692

8